Ex parte W. E. ROBERTS.

No. A-4216.    Opinion Filed March 25, 1922.
(205 Pac. 204.)

Original application by W. E. Roberts for a writ of habeas corpus, alleging unlawful restraint by George Frampton, Sheriff of Comanche County. Application denied.

See, also, 21 Okla. 55, 204 Pac. 653.

C. R. Reeves, for petitioner.

The Attorney General opposed.

PER CURIAM. Petitioner, W. E. Roberts, on the 24th of February, 1922, applied to this court for a writ of habeas corpus, alleging that he was unlawfully restrained of his liberty and imprisoned by George Frampton, sheriff of Comanche county, Okla.

In substance, petitioner alleges that, on the 20th day of February, 1922, he was arrested by said sheriff upon a complaint and warrant issued out of the justice's court of M. T. Perkins, a justice of the peace in and for said Comanche county, jointly charged with his wife of having unlawfully, willfully, and feloniously deserted a minor child under the age of six years; that on the 21st day of February, 1922, peti-

tioner was given a preliminary hearing on said charge, and, on said preliminary hearing, was held to answer said charge in the district court of Comanche county. But petitioner alleges that the evidence produced against him on said preliminary hearing was not sufficient to establish the fact that he was the father of said minor child, and that, although the said justice's court had jurisdiction of the subject-matter and of the person of this petitioner, the evidence at that preliminary hearing failed to support or to show a probable cause to believe the petitioner to be the parent of said child and liable for its support. There is attached to the petition what purports to be a statement of the justice of the peace, who held the preliminary examination, setting forth, in substance, the evidence at said hearing.

The Attorney General interposed a demurrer to the petition, which was sustained by the court, and the writ denied for the reason that the office of the writ of habeas corpus is not to determine the guilt or innocence of the petitioner, and the only issue presented by it is whether or not the petitioner is restrained of his liberty by due process of law. Ex parte Burroughs, 10 Okla. Cr. 87, 133 Pac. 1142.

After an examination of the application, the court reached the conclusion that the purpose of the writ in this instance was to inquire into the sufficiency of the evidence adduced against the petitioner in the preliminary hearing. All questions which may arise in the orderly course of a criminal prosecution are to be determined by the court to whose jurisdiction the defendant has been subjected by law, and matters constituting a good and sufficient defense to a criminal charge will not entitle a defendant to his discharge on habeas corpus. 12 R. C. L., p. 1206, § 24.