## Ex parte J. B. DILBECK.

No. A-7088. Opinion Filed Oct. 4, 1928.

(270 Pac. 858.)

Jesse L. Ballard and Richard L. Wheatley, for petitioner.

Edwin Dabney, Atty. Gen., J. H. Lawson, Asst. Atty. Gen., and Clay M. Roper, Co. Atty., for respondent.

PER CURIAM. This is an original proceeding in habeas corpus. The petition with the exhibits attached and the stipulation of facts discloses the following: That there was filed in the office of a justice of the peace at Vinita, Craig county, a criminal complaint charging petitioner with felony, the uttering of a forged check. A warrant was issued; petitioner was arrested and arraigned before such justice sitting as a committing magistrate. Petitioner thereupon filed an affidavit for a change of venue under the provisions of sections 2485 and 2966, Comp. St. 1921. Upon the filing of such affidavit, the justice made an order granting a change of venue to the county court. The papers and files with a transcript of the proceedings in the justice court were then transmitted to, filed, and docketed in the county court. Thereafter the county judge sitting as a committing magistrate held a preliminary, and upon such examination made a finding of probable cause, and ordered petitioner held for trial in the district court, and fixed the bond of petitioner at $1,000, and transmitted his order, the record, files, and a transcript of his action to the district court, and an information has been filed there. Petitioner in default of bond was remanded to the custody of the sheriff, who is holding petitioner in the jail of Craig county. Petitioner asserts that his restraint is illegal; that the justice before whom the original complaint was filed was without authority to change the venue to the county court; that such change of venue must be to some other justice of the county.

Where the court has general jurisdiction of the offense charged, and such jurisdiction is challenged by reason of some claimed irregularity in the proceedings, the proper practice is to present the question to the lower court by appropriate motion or other pleading, and, if the ruling there is adverse, to preserve the question, and, if accused is convicted, to bring the question to this court by appeal. In matters of procedure, where the court has general jurisdiction, irregularity in matters of proceeding cannot be raised here by habeas corpus prior to trial. See Ex parte Burroughs, 10 Okla. Cr. 87, 133 P. 1142; Ex parte Roberts, 21 Okla. Cr. 132, 205 P. 204; Ex parte Johnson, 29 Okla. Cr. 374, 233 P. 1092.

The writ is denied.