## *Ex parte* J. C. BURROUGHS.

No. A-2051.    Opinion Filed July 29, 1913.

(133 Pac. 1142.)

HABEAS CORPUS—Nature—Grounds. The office of the writ of habeas corpus is not to determine the guilt or innocence of the prisoner, and the only issue which it presents is whether or not the prisoner is restrained of his liberty by due process of law; and a defendant, held by virtue of an information preferred by a proper prosecuting officer in a court of competent jurisdiction, cannot be discharged on habeas corpus on the ground that the evidence adduced upon his preliminary examination was insufficient to show that a public offense had been committed, or probable cause to believe the defendant guilty thereof.

Application for writ of *habeas corpus* by J. C. Burroughs. Denied.

*A. F. Mood,* for petitioner.

DOYLE, J. This is a petition for writ of *habeas corpus,* and is filed for the purpose of setting at liberty J. C. Burroughs. Petitioner avers that he is restrained of his liberty, and is unlawfully imprisoned in the county jail of Rogers county by Hiram Stephens, sheriff of said county. It is further averred therein:

"That the cause of said restraint and imprisonment, according to the knowledge and belief of your petitioner, is a commitment issued out of the county court of the county of Rogers, state of Oklahoma, by the Honorable Walter W. Shaw, county judge of Rogers county, state of Oklahoma, sitting and acting as a committing magistrate in a certain preliminary examination, upon a charge in said county court against this petitioner of the crime of larceny, and further upon an information filed in the district court of Rogers county, state of Oklahoma, based upon said preliminary examination so had and held before said Walter W. Shaw as such committing magistrate, as aforesaid, charging this petitioner with the crime of larceny by fraud. Your petitioner further states and alleges that said restraint and imprisonment is illegal and unauthorized, because the evidence produced before said Walter W. Shaw as such committing magistrate, upon said preliminary examination so had and held as aforesaid, wholly failed to show that this petitioner was guilty

of the crime of larceny by fraud, or otherwise, or any other crime within the county of Rogers, state of Oklahoma, and your petitioner further says that said evidence was wholly insufficient to raise or sustain reasonable or probable cause for believing this petitioner to be guilty of the crime of larceny, or any other crime, within the state of Oklahoma; that a certified copy of said evidence is attached hereto and made a part hereof; that a like petition has been presented to and heard by T. L. Brown, judge of the second judicial district of Oklahoma, and the relief herein prayed for denied by him. Wherefore your petitioner prays your honor to grant a writ of *habeas corpus,* and that he be discharged without delay from such unlawful imprisonment. J. C. Burroughs, Petitioner."

Section 4893, Rev. Laws 1910, provides:

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following: * * * 4th. Upon a warrant or commitment issued from the district court, or any other court of competent jurisdiction, upon an indictment or information."

In this case it appears from the averments of the petition that the petitioner is being held by virtue of an information preferred by the county attorney in a court of competent jurisdiction, to wit, the district court of Rogers county, and under the foregoing provision of the statute the writ of *habeas corpus* cannot be resorted to for the purpose of determining the sufficiency of the evidence adduced upon the preliminary examination to show probable cause. The office of the writ of *habeas corpus* is not to determine the guilt or innocence of the prisoner, and the only issue it presents is whether or not the prisoner is restrained of his liberty by due process of law. The due and proper administration of public justice requires that whenever an information is filed in a court of competent jurisdiction, it is its right and duty to proceed to its final determination without interference from any other tribunal, and the writ of *habeas corpus* cannot be resorted to on the plea that the evidence adduced upon the preliminary examination was insufficient to show that a felony had been committed, or probable cause for believing the defendant guilty thereof. The defendant has a right to raise this question in the court where the information is

pending, by a plea in abatement, or by motion to quash, or motion to set aside the information.

It appearing that the application is insufficient to show that petitioner is entitled to the writ or a rule to show cause, it will be denied.

ARMSTRONG, P. J., and FURMAN, J., concur.