Ex parte H. P. RUTHERFORD.

No. A-2176.  Opinion Filed January 17, 1914.

Original habeas corpus proceedings.  Writ denied.

PER CURIAM.  On this day a petition for writ of habeas corpus was filed and presented for the purpose of setting at liberty H. P. Rutherford.  It appears from the averments in the petition that the petitioner is imprisoned in the county jail of McClain county, under three commitments issued out of the district court of said county, upon three informations filed therein by the county attorney, charging petitioner with the offense of sodomy in each of said informations.  It is further averred that said restraint is illegal and unauthorized, because the facts relied upon by the state to support the information in each of said cases, do not constitute the offense of sodomy, or any other crime known to the law, and that such facts so relied upon by the state of Oklahoma in the prosecution of these cases is not sufficient to confer jurisdiction upon the district court of McClain county.  And that in each of said cases the defendant waived a preliminary examination, and was held to answer to said district court.  Section 3893, Rev. Laws, provides:  "No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following * * * 4th. Upon a warrant or commitment issued from the district court, or any other court of competent jurisdiction, upon an indictment or information."  In Ex parte Burroughs, ante, 133 Pac. 1142, it is held by this court that:  "The office of the writ of habeas corpus is not to determine the guilt or innocence of the prisoner, and the only issue which it presents is whether or not the prisoner is restrained of his liberty by due process of law; and a defendant, held by virtue of an information preferred by a proper prosecuting officer in a court of competent jurisdiction, cannot be discharged on habeas corpus on the ground that the evidence adduced upon his preliminary examination was insufficient to show that a public offense has been committed, or probable cause to believe the defendant guilty thereof."  Where a person who is arrested on a criminal warrant, is brought before a committing magistrate for a preliminary examination he can either insist upon or waive examination, and if he waives it the magistrate may bind him over for trial for the offense charged in the complaint, and the county attorney is authorized to file an information in the district court, charging him with the offense charged in the complaint, and when the defendant waives his right to a preliminary examination, and on account of such waiver no examination is had, he will be estopped to claim any advantage because of the absence of such examination.  It appearing that the application for writ of habeas corpus is insufficient to show that petitioner is entitled to the writ or a rule to show cause, it will be denied.