*In re* W. R. HILL.

No. A-2538.   Opinion Filed April 15, 1916.

(156 Pac. 686.)

1.   **HABEAS CORPUS — Matters Reviewable — Jurisdiction.** The review of a judgment of conviction and imprisonment by writ of habeas corpus is limited to the questions: Had the court which rendered the judgment jurisdiction of the subject-matter and of the person convicted? And, did the the court in the course of the proceedings which resulted in the judgment lose jurisdiction to render a valid judgment and sentence?

2.   **HABEAS CORPUS—Right to Discharge—Defective Accusation.** A discharge from imprisonment under a criminal conviction cannot be granted on habeas corpus, because the indictment or information was defective.

Petition by W. R. Hill, for a writ of *habeas corpus.* Writ denied.

*Ben F. Williams* and *Blanton & Andrews,* for petitioner.

*R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM.   In his petition for a writ of *habeas corpus,* W. R. Hill alleges that he is unlawfully restrained of his liberty by B. R. Rayburne, sheriff of Garvin county, under a commitment issued out of the District Court of said county on a judgment rendered in said court on a verdict of a jury returned in said court.   Which verdict reads as follows:

"We, the jury, drawn, empaneled and sworn in the above entitled cause, do upon our oaths, find from the law and the evidence the defendant W. R. Hill guilty as charged in the information of removing mortgaged property from the county without the written consent of the holder of the mortgage indebtedness, and fix his punishment at a fine of three hundred dollars.   J. L. Menefee, foreman."

That the information upon which the petitioner was tried "is fatally and fundamentally defective and did not and does not

charge this petitioner with any offense under the laws of the state of Oklahoma; that the verdict and judgment thereon are illegal and void and have no force or effect, and the petitioner is therefore held without due process of law." A copy of the information being attached as an exhibit to the petition.

The writ issued and the return of the sheriff to the writ states that he holds the petitioner in custody by virtue of a commitment duly issued out of the District Court of said county upon the failure and refusal of said petitioner to pay the fine and costs imposed by the judgment rendered upon the verdict. Where a prisoner in custody under sentence of conviction seeks to be discharged on *habeas corpus*, the law is well settled that the inquiry is limited to the questions: "Had the court which rendered the judgment jurisdiction of the subject matter and of the person convicted?, and did the court in the course of the proceedings which resulted in the judgment lose jurisdiction to render a valid judgment and sentence?"

*Wilkins* v. *The State,* 7th Okla. Cr. 422, 115 Pac. 1118.

It is contended on behalf of the petitioner that the facts as alleged in the information, if true, do not constitute a felony under our penal code.

Upon an examination of the information our conclusion is that the contention made is without merit. A discharge from imprisonment under a criminal conviction cannot be granted on *habcas corpus* because the indictment or information was defective.

Ex Parte Woods, 7th Okla. Cr. 645, 125 Pac. 440.

*Habcas corpus* does not lie to correct mere irregularity of procedure where there is jurisdiction.

For the reasons stated the writ of *habeas corpus* is discharged and the petitioner is remanded to the custody of the sheriff of Garvin county.