## Ex parte JOHN JOHNSON.

No. A-5270.  Opinion Filed March 12, 1925.
(233 Pac. 1092.)

(Syllabus.)

**Habeas Corpus—Issue Presented by Habeas Corpus—Defendant Held Under Information not Entitled to Discharge for Lack of Evidence Adduced at Preliminary Examination.** The office of the writ of habeas corpus is not to determine the guilt or innocence of the prisoner, and the only issue which it presents is whether or not the prisoner is restrained of his liberty by due process of law; and a defendant, held by virtue of an information preferred by a proper prosecuting officer in a court of competent jurisdiction, cannot be discharged on habeas corpus on the

ground that the evidence adduced upon his preliminary examination was insufficient to show that a public offense had been committed, or probable cause to believe the defendant guilty thereof.

Petition by John Johnson for writ of habeas corpus. Writ denied.

J. D. Grigsby, Jr., for petitioner.

The Attorney General, for the State.

DOYLE, J.  The petition for writ of habeas corpus shows that in July, 1924, John Johnson was committed by George Allen, judge of the county court of Cleveland county, after a preliminary examination and without bail, to answer to the district court of that county upon a charge of murder, alleged to have been committed July 5, 1924, upon the body of J. W. Daniel; that upon a hearing before the district court petitioner was admitted to bail; that on he 22d day of July, 1924, an information was filed in the district court of said county, charging petitioner with the crime of murder; that upon arraignment petitioner entered his plea of not guilty to said information; that thereafter petitioner, with leave of court, withdrew his plea of not guilty and filed his motion to set aside and quash said information, on the ground and for the reason that there was no testimony introduced at said preliminary examination which showed or tended to show any cause or belief that petitioner was guilty of the crime of murder or any other offense under the laws of the state; that on the hearing of said motion before the district court the same was overruled.

Petitioner further alleges that he is not guilty of having committed the crime of murder, or of any other offense, and that the proof against him is not evident nor the presumption thereof great; that his imprisonment is therefore illegal and unauthorized.

At the hearing of this application the Attorney Gen-

eral demurred to the petition on the ground that the facts stated are insufficient to authorize this court to grant the relief prayed for.

Section 432, Comp. Stats. 1921, reads as follows

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following:

"First. Upon process issued by any court or judge of the United States, or where such court or judge has exclusive jurisdiction. * * *

"Fourth. Upon a warrant or commitment issued from the district court, or any other court of competent jurisdiction, upon an indictment or information."

The question here sought to be raised is not a jurisdictional one, and hence is not available on habeas corpus, for it is settled law that on habeas corpus the court can only inquire into jurisdictional defects in the proceedings. Ex parte Burroughs, 10 Okla. Cr. 87, 133 P. 1142.

The record shows that petitioner is being held by virtue of an information preferred by the county attorney in a court of competent jurisdiction, to wit, the district court of Cleveland county, and under the foregoing provision of the statute the writ of habeas corpus cannot be resorted to for the purpose of determining the sufficiency of the evidence adduced upon the preliminary examination to show probable cause. The office of the writ of habeas corpus is not to determine the guilt or innocence of the prisoner, and the only issue it presents is whether or not the prisoner is restrained of his liberty by due process of law. The due and proper administration of public justice requires that, whenever an information is filed in a court of competent jurisdiction, it is its right and duty to proceed to its final determination, without interference from any other tribunal, and the writ of habeas corpus cannot be

resorted to on the plea that the evidence adduced upon the preliminary examination was insufficient to show that a felony had been committed or probable cause of believing the defendant guilty thereof. The defendant had the right to raise this question in the court where the information is pending, by a plea in abatement, or by motion to quash, or motion set aside the information, and upon an adverse ruling by the court the remedy is by appeal from a judgment of conviction, exception having been reserved.

It appearing that the application is insufficient to show that petitioner is entitled to the writ or a rule to show cause, it must be denied.

BESSEY, P. J., and EDWARDS, J., concur.