Ex parte T. L. CROWELL.

No. A-6780.   Opinion Filed Feb. 29, 1928.
(264 Pac. 642.)

Beets, Bessey & McIntosh, for petitioner.

Edwin Dabney, Atty Gen., Smith C. Matson, Asst. Atty. Gen., and J. K. Wright, Co. Atty., and K. D. Mitchell, Asst. Co. Atty., for respondent.

DOYLE, P. J.   The petition shows that petitioner is held by the sheriff of Oklahoma county by virtue of a warrant of commitment made by a justice of the peace of Oklahoma City, in said county, purporting upon its face to hold petitioner to answer upon the charge of bigamy, as defined by chapter 119, p. 166, Sess. Laws 1925, amendatory of section 510, C. O. S. 1921.

It is averred that the complaint is insufficient to charge the crime as defined by said act, and that, under the evidence introduced on said examination, petitioner was entitled to have been discharged from custody, because said evidence was not sufficient to show the commission of the crime of bigamy or any other crime, and was not sufficient to show probable cause, which will more fully appear from the stipulation which is hereunto annexed and made a part hereof.

The complaint, which is not verified, charges that: "On the 16th day of May, A. D. 1927, in Oklahoma county, state of Oklahoma, T. L. Crowell, whose more full and correct name is to your informant unknown, then and there being, did then and there willfully, unlawfully, and feloniously commit the crime of bigamy in manner and form as follows, to wit:   That is to say the said defendant, in the county and state aforesaid, and on the day and year aforesaid, then and there being, did then and there wilfully, unlawfully, and feloniously enter into marriage relation on the 16th day of May, 1927, in the state of Texas, with one Anna McDonald; that said defendant on said date had a living wife in the state of Oklahoma, from whom he had obtained a divorce on the 14th day of May, 1927; and that, after said marriage with Anna McDonald, he and the said Anna McDonald removed to the state of Okla-

homa to establish a home there within a period of six months from the date of said divorce, contrary to," etc.

"Stipulation.

"Comes now T. L. Crowell through his attorneys, Beets, Bessey & McIntosh, and the state through the county attorney and agree as follows, to wit: That at the examining trial before Hon. Leo B. White, justice of the peace, the substance of the testimony produced in the above-entitled cause was as follows: Annie Crowell, being produced by the state as a witness, testified that her name was Annie Crowell; that she had married the defendant, T. L. Crowell, on the 16th day of May, 1927, at Shamrock, Tex.; and that they continued to live at Shamrock, Tex., until she moved to Oklahoma City and now claims Oklahoma City to be her residence. As a part of her testimony, there was also introduced a copy of divorce decree between T. L. Crowell and his former wife, Christine Elizabeth Crowell, dated May 14, 1927. Proof of the divorce by Cliff Myers, court clerk, and the original decree waived by defendant. That thereupon, the state rested and the defendant rested, and that this was all the evidence introduced."

Signed by counsel for petitioner and counsel for the state.

Chapter 119 provides in part as follows:

"And it shall be unlawful for any person who has a living husband or wife to marry another person in any other state within six (6) months from date of decree of divorcement granted in this state and cohabit with such second husband or wife in this state during said period."

In Wilson v. State, 16 Okla. Cr. 471, 184 P. 603, it was held that the penal provisions of section 510 of C. O. S. 1921 are directed solely against remarriage of either party to a divorce proceeding to any other person within six months immediately subsequent to the decree of divorce, and it was further held that, where one of the parties to said decree within the prohibited

period marries another person without the state, and subsequently returns and cohabits with such person within this state, the subsequent cohabitation not being the gist of the offense defined by said statute, there is no jurisdiction to prosecute thereunder in the state.

It will be observed that the amendment of said section 510 makes cohabitation within six months the gist of the offense. The complaint herein failed to charge cohabitation and no proof was offered tending to show that petitioner cohabited with his second wife in this state.

It is the well-settled doctrine in this state that a preliminary examination before a committing magistrate is not a trial, and an order of commitment issued thereon is not "a process issued on a final judgment," and that the courts exercise a supervising jurisdiction over the proceedings of a committing magistrate by means of habeas corpus, and inquire into the legality of the commitment and the question of probable cause. Ex parte Johnson, 1 Okla. Cr. 414, 98 P. 461; Ex parte Beville, 6 Okla. Cr. 145, 117 P. 725. Where there is no legal or competent evidence to sustain it, an order of commitment to hold for trial before the district court is void, and petitioner will be discharged on habeas corpus. Ex parte Turner, 3 Okla. Cr. 168, 104 P. 1071.

There being no evidence offered tending to show that the petitioner cohabited with his second wife in this state, it follows from what has been said that the petitioner is unlawfully imprisoned, and he is therefore discharged from the custody of the sheriff.

EDWARDS and DAVENPORT, JJ., concur.