# Ex parte JOHN KRUSE et al.

No. A-9378. Aug. 27, 1937.
(71 Pac. 2d 318.)

Moman Pruiett, for petitioners.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and C. E. Barnes, Co. Atty., for the State.

BAREFOOT, J.   The petitioners in the above-styled application have filed their petition for writ of habeas corpus in this court alleging that on the 17th day of July, 1936, they had a preliminary hearing before Wm. T. Hirschi, county judge of Logan county, Okla.   That afterwards an information was filed against them in the district court of Logan county, wherein they were charged with the crime of robbery with firearms.   The district judge entered an order granting bail to the said Carl Partenheimer in the sum of $2,000, and before the application could be made for bail in behalf of the defendant John Kruse, the district judge left the district and the

state of Oklahoma, and application is here made asking that bail be set in the case of the petitioner John Kruse, and that petitioner Carl Partenheimer be released for the reason that the evidence at the preliminary hearing is insufficient to hold the petitioner Carl Partenheimer.

Under the holdings of this court where an information has been filed against a defendant and the court has jurisdiction of the person and subject-matter, the defendant will not be released on habeas corpus on the ground that the evidence is insufficient before a final trial of the case. Section 693, Okla. Stats. 1931 (12 Okla. St. Ann. § 1342 (4), provides:

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following: * * * Fourth. Upon a warrant or commitment issued from the district court, or any other court of competent jurisdiction, upon an indictment or information."

Under this statute, this court in the case of Ex parte J. C. Burroughs, 10 Okla. Cr. 87, 133 Pac. 1142, holds:

"In this case it appears from the averments of the petition that the petitioner is being held by virtue of an information preferred by the county attorney in a court of competent jurisdiction, to wit, the district court of Rogers county, and under the foregoing provision of the statute the writ of habeas corpus cannot be resorted to for the purpose of determining the sufficiency of the evidence adduced upon the preliminary examination to show probable cause. The office of the writ of habeas corpus is not to determine the guilt or innocence of the prisoner, and the only issue it presents is whether or not the prisoner is restrained of his liberty by due process of law. The due and proper administration of public justice requires that whenever an information is filed in a court of

competent jurisdiction, it is its right and duty to proceed to its final determination without interference from any other tribunal, and the writ of habeas corpus cannot be resorted to on the plea that the evidence adduced upon his preliminary examination was insufficient to show that a felony had been committed, or probable cause for believing the defendant guilty thereof." Ex parte Pearl C. Black, 37 Okla. Cr. 83, 256 Pac. 941.

We are therefore of the opinion that the application for habeas corpus to discharge petitioner Carl Partenheimer should be denied. We have read the evidence taken at the preliminary hearing and attached to the application. Counsel for the state make no objection to admitting petitioner John Kruse to bail, the only question being as to the amount to be fixed. We are of the opinion that the petitioner John Kruse should be allowed bail in the sum of $2,000.

It is therefore ordered that the petition of Carl Partenheimer should be denied and that the application of the defendant John Kruse should be granted and that his bail should be fixed at $2,000 and that upon the execution of said bond by each of said defendants and the approval of the same by the court clerk of Logan county, Okla., that the same should be presented to the sheriff of said county and the defendants released.

DAVENPORT, P. J., and DOYLE, J., concur.