Ex parte ED WHEELER et al.

No. A-9591. Dec. 16, 1938.
(85 P. 2d 434.)

John F. Pendleton, of Nowata, for petitioners.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the respondent.

DOYLE, J.   The petitioners, Ed Wheeler and Bob Wheeler, it appears, were arrested in Rogers county by Hugh Owen, then sheriff of Nowata county, on August 13, 1938, that the said sheriff of Nowata county held no warrant or writ of any kind for the arrest or apprehension of the petitioners; that they were jointly charged with the crime of larceny of domestic animals, to wit, two white faced calves, the personal property of Mrs. Lark Adamson, alleged to have been committed in Nowata county, on or about the 13th day of August, 1938.   That on November 15th, they were accorded a preliminary examination before W. H. Thomason, as examining magistrate, and were held to the district court.

That on November 26th, the county attorney of Nowata county filed in the district court of said county an information based on the said preliminary hearing and the order of the said W. H. Thomason, as examining magistrate; that petitioners filed their motion to set aside said information in said district court, for the reason that the same was not founded upon any competent evidence whatever, and that the order of the examining magistrate was without authority of law, which motion was by the court, James T. Shipman, district judge, overruled.

Attached to the petition is a copy of the original complaint and a complete transcript of the evidence taken in the examining trial, also a copy of the information filed in said district court, a copy of the motion to set aside the same, and a copy of the order overruling the same.

It is further averred that for the reasons stated, petitioners are unlawfully restrained of their liberty, and having exhausted their remedies to protect their rights, are petitioning this court for writ of habeas corpus to release

them from unlawful restraint by Lena Owen, sheriff of Nowata county.

Thus it appears that petitioners are being held by virtue of an information proffered by the county attorney, in a court of competent jurisdiction, to wit, the district court of Nowata county.

To this petition the Attorney General filed a demurrer, on the ground and for the reason that the facts stated are not sufficient to authorize this court to grant the relief prayed for.

Under section 693 (4), St. 1931, 12 Okla. St. Ann. § 1342 (4), the writ of habeas corpus cannot be resorted to for the purpose of determining the sufficiency of the evidence adduced upon a preliminary examination to show probable cause, after the information has been duly filed, based upon a preliminary examination had in the case.

The question here sought to be raised is not a jurisdictional one, and hence is not available on habeas corpus, for it is settled law that on habeas corpus the court can only inquire into jurisdictional defects in the proceedings.

The office of the writ of habeas corpus is not to determine the guilt or innocence of the prisoner, and the only issue which it presents is whether or not the prisoner is restrained of his liberty by due process of law, and a defendant, held by virtue of an information preferred by a proper prosecuting officer in a court of competent jurisdiction, cannot be discharged on habeas corpus on the ground that the evidence adduced upon his preliminary examination was insufficient to show that a public offense had been committed, or probable cause to believe the defendant guilty thereof. Ex parte Burroughs, 10 Okla. Cr. 87, 133 P. 1142; Ex parte Johnson, 29 Okla. Cr. 374, 233 P. 1092; Ex parte Black, 37 Okla. Cr. 83, 256 P. 941; Ex parte Lansdon, 38 Okla. Cr. 59, 258 P. 1065; Ex parte Kruse et al., 62 Okla. Cr. 283, 71 P. 2d 318.

In Ex parte Burroughs, supra, we said:

"The due and proper administration of public justice requires that whenever an information is filed in a court of competent jurisdiction, it is its right and duty to proceed to its final determination without interference from any other tribunal, and the writ of habeas corpus cannot be resorted to on the plea that the evidence adduced upon his preliminary examination was insufficient to show that a felony had been committed, or probable cause for believing the defendant guilty thereof. The defendant has a right to raise this question in the court where the information is pending, by a plea in abatement, or by motion to quash, or motion to set aside the information."

Under the provisions of section 693, supra, 12 Okla. St. Ann. § 1342 ᵢ(4), and the decisions of this court construing the same, the demurrer to the petition herein is, we think, well taken, and should be sustained.

For the reasons stated, the writ of habeas corpus will be denied. It is so ordered.

DAVENPORT, P. J., and BAREFOOT, J., concur.