## Ex parte RICHARD GREEN.

No. A-9829.   April 11, 1940.
(101 P. 2d 641.)

H. J. Mackey, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Granville Scanland, of Oklahoma City, for the State.

BAREFOOT, J.   The petitioner, Richard Green, was arrested by a policeman of Oklahoma City upon two charges.   The first for the unlawful possession of intoxicating liquor, and the second for the breaking of glass upon the streets of said city.

He was prosecuted upon two complaints, Nos. 12558 and 12559, filed before the police judge of Oklahoma City.

When his cases were called for trial he entered a plea of not guilty in No. 12558, and upon trial was found guilty and the court assessed a fine of $15, and $1 costs. In No. 12559 he entered a plea of guilty, and was fined $10 and $1 costs, and in default of fines and costs he was by proper commitments delivered to the chief of police of Oklahoma City for detention until said fine and costs were paid.

On March 30, 1940, petitioner, after having been denied a writ of habeas corpus in the district court of Oklahoma county, filed an application for a writ in this court, alleging that his restraint is unlawful and void, for the following reasons:

"1.  That the two complaints in said cases 12558 and 12559, police court of Oklahoma City, Oklahoma, are signed by one N. Baker; that the said N. Baker did not swear to said complaints before said Merrel Siler, as by said complaints shown, and that said complaints do not speak the truth;

"2.  That no commitments were issued to the said Frank Smith, chief of police in and for said Oklahoma City, Oklahoma, as required by law, that there are two purported commitments issued in said cases, but said commitments do not speak the truth and are false and fraudulent; and

"3.  That the complaints in said two cases, 12558 and 12559, do not state facts sufficient to charge petitioner with any crime under the Ordinances of said Oklahoma City, Oklahoma."

Upon the filing of his petition in this court the same was denied but a rule to show cause was granted. A response was filed on behalf of the chief of police of Oklahoma City in which he stated his reasons for the detention of petitioner as above set forth, and stated that the time for his release by the terms of the commitments

had not expired. At the hearing before this court the petitioner offered oral evidence, and among those testifying were Judge Merrel Siler, police judge of Oklahoma City.

By section 3328, Okla. Stats. 1931, 39 Okla. St. Ann. § 494, it is provided:

"All proceedings and actions before a county or justice court for a public offense of which such courts have jurisdiction, must be commenced by complaint, under oath setting forth the offense charged with such particulars of time, place, persons and property as to enable the defendant to understand distinctly the character of the offense complained of, and to answer the complaint. The complaint, if found insufficient, may be amended to any extent necessary to conform to the facts proven. * * *"

In the case of Ex parte Bochmann, 20 Okla. Cr. 78, 201 P. 537, 541, this court holds: "* * * That in all cases involving a penalty for the violation of a municipal ordinance, pending before a municipal judge, prosecutions should be predicated and maintained upon a verified written complaint." This decision is based upon section 17, of the Bill of Rights, Okla. St. Ann. Const., which provides: "Prosecutions may be instituted in courts not of record upon a duly verified complaint." But this court has also held that this and similar provisions of the Constitution and statutes, which were intended for the personal security and liberty of the individual, by the forbidding of the issuance of a warrant for his arrest except upon probable cause upon oath, and by preventing as far as possible the institution of baseless and unfounded prosecutions, may be waived.

In the case of In re Talley, 4 Okla. Cr. 398, 112 P. 36, 37, 31 L.R.A., N.S., 805, this court, in a very elaborate opinion, said:

"The verification is no part of the information itself; and an unverified information charging an offense in proper and intelligible language, signed by the county attorney and filed in a court having jurisdiction of the offense charged, though insufficient to authorize the issuance of a warrant of arrest, if not properly challenged is sufficient for all other purposes. The requirement that the information be verified being for the personal benefit of the defendant we see no reason why he may not waive it if he desires; and if he submits himself to the jurisdiction of the court, either by voluntarily appearing and answering the information or by failing to move to quash the same when arrested and brought up for arraignment, he thereby waives the defect. There are many rights vouchsafed an accused by our Constitution and laws which may be waived, and many of them have reference to the form of the accusation and the manner of its presentment. Thus it is provided by section 6738, Snyder's Comp. Laws [22 Okla. St. Ann. § 493 et seq.], that an indictment must be set aside when it is not found, indorsed, presented, or filed as prescribed by the statutes of the state; but the section following provides that, if the motion to set aside the indictment on that ground be not made, the defendant is precluded from afterwards making the objection; and it seems to us that this provision is also applicable to informations. It is so held by the courts of practically all the states where prosecutions by informations are authorized. Kansas has in effect the same constitutional and statutory provisions that we have, and it is held in that state that the verification of an information must be made in positive terms and not on information and belief; but the Supreme Court of Kansas held, in State v. Otey, 7 Kan. 69, that the objection that an information is not properly verified is waived by pleading to the merits and going to trial. The same court reaffirmed that holding in a subsequent opinion by Justice Brewer in State v. Adams, 20 Kan. 311; and later in State v. Ruth, 21 Kan. 583, Justice Brewer said: 'It is alleged that the information was insufficient for lack of a proper verification. The verification was

defective, but the defect was waived by the defendant's pleading to the merits and going to trial.' "

See, also, In re Cummings, 11 Okla. 286, 66 P. 332; Steiner v. State, 33 Okla. Cr. 298, 243 P. 1002; Christian v. State, 49 Okla. Cr. 16, 292 P. 876; State v. Blackman, 32 Kan. 615, 5 P. 173; State v. Longton, 35 Kan. 375, 11 P. 163; State v. Ellvin, 51 Kan. 784, 33 P. 547; State v. Barr, 54 Kan. 230, 38 P. 289; State v. Osborn, 54 Kan. 473, 38 P. 572; Hodgkins v. State, 36 Neb. 160, 54 N.W. 86; State v. Montgomery, 181 Mo. 19, 79 S.W. 693, 67 L.R.A. 343, 2 Ann. Cas. 261; State v. Brown, 181 Mo. 192, 79 S.W. 1111.

We have examined the cases of Bowen v. State, 5 Okla. Cr. 605, 115 P. 376, and Fullingim v. State, 7 Okla. Cr. 333, 123 P. 558, and the opinions rendered in those cases are no way in conflict with the principle here announced. They are in fact in full accord with the principle above stated. In both of those cases motions were properly made to set aside the warrant of arrest. These motions were overruled and the defendant excepted. He was then placed on trial. In the instant case defendant did not file a motion to set aside the warrant of arrest, but in one of his cases entered a plea of not guilty, was tried and convicted. In the other he entered his plea of guilty and in each was sentenced to serve a term and pay the costs. His application for a writ of habeas corpus was filed after his conviction and plea of guilty. We are of the opinion that, under the facts as above stated, he waived any right he might have had by failing to file a motion to set aside the warrant of arrest and entering his plea of not guilty in one case and his plea of guilty in the other. If these objections had been made at the time of his trial, the city would have had the right to correct the error, if any, that might have existed in the

complaint, but if the defendant can raise this issue on a writ of habeas corpus, as attempted here, there would be no chance to correct any error that might exist.

The writ of habeas corpus is not designed for the correction of errors or mere irregularities, and cannot be substituted for an appeal or writ of error. And where a petitioner is imprisoned under a judgment of conviction for crime, unless the court was without jurisdiction to render the particular judgment, and the judgment is void and not merely voidable, relief cannot be had by habeas corpus, however numerous and gross may have been the errors committed during the trial or in the proceedings preliminary thereto. In re Talley, 4 Okla. Cr. 398, 112 P. 36, 31 L.R.A., N.S., 805, and cases therein cited.

In this case the evidence of the police judge revealed that it was the practice in the police court of Oklahoma City for the police judge to sign affidavits to complaints in blank and the police officer making the arrest would sign the complaint and affidavit and especially was this true when arrests were made at night when the police judge was not present. That when the defendant appeared before the court on the following morning for trial, the prosecuting witness who signed the complaint and affidavit was asked, "If the statements made in the complaint were true." We are not holding that this procedure is insufficient, but suggest it would be better practice for the prosecuting witness to be brought before the police judge and sworn to the complaint prior to the time of trial.

For the reasons above stated, we are of the opinion that the petitioner is not entitled to the writ, and it is, therefore, denied, and he is remanded to the custody of

the chief of police of Oklahoma City to be held by him until discharged in the manner provided by law.

DOYLE, P. J., and JONES, J., concur.