Ex parte ROBERT WOOD and five other cases.

Nos. A-9933 to A-9938. Feb. 6, 1941.
(110 P. 2d 304.)

George Croom, of Tulsa, and Stanley Belden, of Cushing, for petitioners.

Mac Q. Williamson, Atty. Gen., and Lewis R. Morris, Co. Atty., and John Eberle, Asst. Co. Atty., both of Oklahoma City, for the State.

BAREFOOT, P. J.   The petitioners in the above-entitled causes filed petitions for writs of habeas corpus in this court on the 16th day of September, 1940, alleging they were unlawfully restrained of their liberty by George Goff, the sheriff of Oklahoma county, Okla.   It was alleged in said petitions that defendants were being illegally restrained of their liberty by reason of (a) excessive bail, (b) by reason of the filing of an information against each of said defendants in the district court of Oklahoma county, which said informations were based upon a statute that was unconstitutional, (c) by reason of the fact that evidence produced before the examining magistrate was insufficient upon which to base an information in the district court, and (d) that said informations were insufficient for the reason that they were filed against petitioners by reason of certain illegal searches and seizures made by the officers of Oklahoma county, and for this reason were null and void.

By agreement of the respective parties, a hearing of said petitions was set in the courtroom of this court for September 17, 1940, at 10 o'clock a. m., at which time all of said parties were present in person and by their attor-

neys. No response having been filed in this case, it was agreed in open court that the petitions should be considered as if a general demurrer had been filed thereto by respondent, and the matter was heard as if such demurrer had been filed. The court examined the petitions and announced from the bench that the petitions revealed on their face that informations had been filed in the district court of Oklahoma county, charging each of said petitioners with the commission of a felony, and that inasmuch as it had been the uniform holding of this court that where an information had been filed in a court of competent jurisdiction alleging the commission of an offense as defined by the statutes of Oklahoma, this court will not interfere with the due administration of justice before such tribunal, but that all matters properly presentable before such court, in case of a conviction, if properly preserved, might be presented on appeal to this court.

At the suggestion of the court, it was agreed that bail be reduced in the cases pending against petitioners in the district court of Oklahoma county, and that said cases would be tried in the district court of that county, and that in the event of conviction, the questions raised in the petition would be presented on appeal. With this agreement entered in open court, an order was made denying the petitions.

This rule was early announced by this court in the case of Ex parte Burroughs, 10 Okla. Cr. 87, 133 P. 1142, where it was said:

"Section 4893, Rev. Laws [1910, section 693, Oklahoma Statutes 1931, Oklahoma Statutes Annotated, title 12, section 1342] provides:

" 'No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following: * * * 4th. Upon

a warrant or commitment issued from the district court, or any other court of competent jurisdiction, upon an indictment or information.'

"In this case it appears from the averments of the petition that the petitioner is being held by virtue of an information preferred by the county attorney in a court of competent jurisdiction, to wit, the district court of Rogers county, and under the foregoing provision of the statute the writ of habeas corpus cannot be resorted to for the purpose of determining the sufficiency of the evidence adduced upon the preliminary examination to show probable cause. The office of the writ of habeas corpus is not to determine the guilt or innocence of the prisoner, and the only issue it presents is whether or not the prisoner is restrained of his liberty by due process of law. The due and proper administration of public justice requires that whenever an information is filed in a court of competent jurisdiction, it is its right and duty to proceed to its final determination without interference from any other tribunal, and the writ of habeas corpus cannot be resorted to on the plea that the evidence adduced upon his preliminary examination was insufficient to show that a felony had been committed, or probable cause for believing the defendant guilty thereof. The defendant has a right to raise this question in the court where the information is pending, by a plea in abatement; or by motion to quash, or motion to set aside the information."

This rule has been steadfastly followed by this court. Ex parte Johnson, 29 Okla. Cr. 374, 233 P. 1092; In re Hill, 12 Okla. Cr. 335, 156 P. 686; Ex parte Woods, 7 Okla. Cr. 645, 125 P. 440; Ex parte King, 41 Okla. Cr. 241, 272 P. 389; Ex parte Wheeler, 65 Okla. Cr. 290, 85 P. 2d 434; Ex parte Keel, 62 Okla. Cr. 277, 71 P. 2d 313; Ex parte Green, 69 Okla. Cr. 218, 101 P. 2d 641; Ex parte Robnett, 69 Okla. Cr. 235, 101 P. 2d 645.

The petitions in these cases set up the plea that Oklahoma Statutes 1931, sections 2571, 2572, and 2573, Okla-

homa Statutes Annotated, title 21, sections 1261, 1262, and 1263, being the statutes upon which the informations against petitioners are based, are null and void for the reason that they are in contravention of the Fourteenth Amendment of the Constitution of the United States, and of section 57, article 5, of the Constitution of the State of Oklahoma, Okla. St. Ann. This part of the petition might justify this court, under the law, in passing upon the constitutionality of the above statutes, but in view of the understanding and agreement at the time of the hearing of these petitions, no opinion should be expressed thereon.

Because of this agreement in open court, the question of the constitutionality of the above statutes was not presented by oral argument to this court, and no briefs have been filed by either the petitioners or the respondent, and in fairness to all parties, and in compliance with the understanding heretofore stated, we are not justified in passing upon the constitutionality of the above statutes at this time. When and if these matters are properly before this court, fully briefed, and an opportunity is given to all parties to be heard, they will then be decided in justice and fairness to all.

The petition for writ of habeas corpus in each of the above cases is denied.

JONES, J., concurs in conclusion.

Separate opinion by DOYLE, J.

DOYLE, J. On behalf of the petitioners in the above entitled and numbered cases, petitions were filed with the clerk of this court September 16, 1940. To each petition a general demurrer was on the same day filed and by agreement of parties the cases were the next day orally argued and submitted upon the petitions and the demurrers thereto.

Upon the conclusion of the arguments, and the various questions presented by counsel having been considered by the court, the decision of the court was announced by Presiding Judge DOYLE, in an oral opinion, finding that said petitions do not state facts which show that said petitioners are entitled to have the writs demanded, issue, wherefore the demurrers thereto were sustained and the writs denied.

Each petitioner being held in custody of the sheriff of Oklahoma county and confined in the county jail by virtue of a commitment based upon information pending and undetermined in the district court of Oklahoma county, wherein each petitioner is charged with having violated section 2573, Sts. 1931, 21 Okla. St. Ann. § 1263.

Each petition alleges the illegal detention of the petitioner and sets forth the cause of and authority for such detention.

It is alleged in each petition that:

"The petitioner is deprived of his liberty illegally and unlawfully for the reason, the evidence introduced by the State in the preliminary trial before the justice of the peace, Paul Powers is insufficient to show the commission of a crime or the probability of the defendant having committed the same. A true and correct copy of the transcript of said testimony in both of the cases is hereto attached and marked Exhibit B and made a part hereof. An examination of the transcript will disclose that there is no good and sufficient legal evidence justifying the justice of the peace in binding the petitioner over to stand trial in the district court and in justifying the issuance of the commitment to the sheriff of Oklahoma county. The evidence does not show that the petitioner belonged to a party advocating or teaching crime, violence, or unlawful acts as a means of effecting industrial or political change or revolution: It does not show the petitioner sold, distributed or circulated or wrote, or published material ad-

vocating or teaching crime, violence, or unlawful acts as a means of effecting industrial or political change.

"The information filed by the assistant county attorney under which the petitioner is scheduled for trial on the 17th of September is null and void. A copy of said information in each of the two cases is hereto attached and marked exhibit C. & D. Said informations are null and void and do not state a crime under the laws of Oklahoma. They are so indefinite and uncertain that they do not notify the defendant of the crime for which he is being held. Each of said informations are null and void for further reasons that they are duplications. They attempt to and in fact do charge the petitioner with the commission of more than one crime. The informations are so illegal and so irregular that they cannot be amended. To compel the petitioner to go under trial under said informations would be to deprive the defendant of due process of law under the 14th Amendment of the Constitution of the United States and under the Constitution of Oklahoma."

It is further alleged that said act is contrary to and in violation of section 57 of art. 5 of the State Constitution, in that the subject of said act is not entirely expressed in its title and embraces more than one subject.

In behalf of respondent the point was made that where imprisonment is upon a warrant or commitment issued from a court of competent jurisdiction upon an information, such commitment cannot be attacked collaterally or the proceedings inquired into in a habeas corpus proceeding, and this court is precluded from inquiring into the facts alleged in said petitions by the provisions of the Habeas Corpus Act, ch. 3, art. 4, sec. 693, 12 Okla. St. Ann. § 1342, which provides:

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following: * * *

"Fourth. Upon a warrant or commitment issued from the district court, or any other court of competent jurisdiction, upon an indictment or information."

Section 10 of the Bill of Rights, Okla. St. Ann., provides:

"The privilege of the writ of habeas corpus shall never be suspended by the authorities of this state."

The writ of habeas corpus, which has for centuries been esteemed the best and only defense of personal freedom, has for its object the speedy release by judicial decree of persons illegally restrained of their liberty.

It is elementary that the writ of habeas corpus cannot be used to perform the functions of an appeal, or used to review errors that do not go to the jurisdiction of the court to issue the commitment.

The writ cannot be invoked for the purpose of reviewing acts of courts of record, where they acted within their jurisdiction, under constitutional law.

Before the writ is available as a means of release from imprisonment, it must appear that the court issuing the process has acted without jurisdiction.

In each case it appears that said petitioners are being held by virtue of informations filed by the county attorney, in the district court of Oklahoma county, a court of competent jurisdiction.

In Ex parte Burroughs, 10 Okla. Cr. 87, 133 P. 1142, we said:

"The office of the writ of habeas corpus is not to determine the guilt or innocence of the prisoner, and the only issue it presents is whether or not the prisoner is restrained of his liberty by due process of law. The due and proper administration of public justice requires that whenever an information is filed in a court of competent jurisdiction, it is its right and duty to proceed on its final

determination without interference from any other tribunal, and the writ of habeas corpus cannot be resorted to on the plea that the evidence adduced upon his preliminary examination was insufficient to show that a felony had been committed, or probable cause for believing the defendant guilty thereof. The defendant has a right to raise this question in the court where the information is pending, by a plea in abatement, or by motion to quash, or motion to set aside the information."

Upon adverse rulings by the trial court the remedy is by appeal from a judgment of conviction, exceptions having been reserved. See Ex parte Johnson, 29 Okla. Cr. 374, 233 P. 1092.

In the instant cases the validity of the commitments is assailed on the ground that the act of the Legislature upon which the informations are based is void and unconstitutional. If the contention is well founded, it affects the jurisdiction of said district court in all the proceedings had. An unconstitutional law is void, and is no law. An offense created by it is not a crime, and a charge based thereon cannot be a legal cause of imprisonment.

We are reminded by counsel for the petitioners that it is the solemn duty of the courts in cases before them to guard the constitutional rights of the citizen against arbitrary power; that is unquestionably true. This court is bound to sustain the fundamental law, the State Constitution, according to its true intent and meaning, but it is equally true that legislative enactments should be enforced by the courts as embodying the will of the people, unless they are plainly inconsistent with that instrument.

All legislative acts are presumed to be valid, and the courts should not declare an act to be unconstitutional unless it is clearly so. A law that is unconstitutional is so because it is either an assumption of power not legis-

lative in its nature, or because it is inconsistent with some provision of the State or Federal Constitutions.

A liberal construction will be applied to acts of the Legislature and constitutional provisions in determining whether or not such enactments violate the Constitution, and it is only when acts of the Legislature are clearly contrary to the Constitution that the court will hold them invalid.

In the case of Berg v. State, 29 Okla. Cr. 112, 233 P. 497, the constitutionality of this act was upheld. The court holding:

"The Criminal Syndicalism Act (chapter 70, Session Laws 1919, * * * 21 Okla. St. Ann. §§ 1261-1263) held constitutional so far as its provisions are material in a prosecution for circulating and displaying printed matter teaching, advocating and affirmatively suggesting criminal syndicalism or sabotage, and for circulating and displaying books and other printed matter prohibited by said act.

"That part of section 2221 Comp. St. 1921, 21 Okla. St. Ann. § 1263, defining criminal syndicalism as circulating and displaying printed matter advocating, teaching, or affirmatively suggesting crime, sabotage, etc., does not violate the right of free speech, and is not void for indefiniteness.

"The fact that treason is defined in the federal and the State Constitutions does not deprive the Legislature of the power to enact a statute intended to prevent the teaching of criminal syndicalism or sabotage as defined by the criminal syndicalism statute, and does not violate either the Constitution of the United States nor the Constitution of this state defining treason."

Judge Edwards, in the opinion of the court, said:

"It is to be borne in mind that the criminal syndicalism statute does not limit or make criminal the advocacy or propriety of bringing about a change in our indus-

trial system by peaceful methods. The people have at all times an undeniable and indefeasible right to alter their form of government; the statute is directed against those who advocate the necessity or expediency of sabotage, violence, or terrorism as a means of accomplishing industrial or political reform, or the doing of things of an analogous nature such as distributing or displaying circulars, books, posters, etc., teaching or advocating criminal syndicalism.

"Statutes similar or of similar import to the one here under consideration have quite generally been held constitutional.

"The crime prohibited by section 3 of the act in question, above quoted, is to be distinguished from treason as defined by the federal and state Constitutions, in that 'treason' requires more than mere words to constitute the offense. It requires some overt act and proof by two or more witnesses, while the offense here defined is an offense which consists of words only; the advocacy or teaching of crime as a means of effecting industrial or political ends, or for a profit. State v. Hennessy, 114 Wash. 351, 195 P. 211; Frohwerk v. United States, 249 U. S. 204, 39 S. Ct. 249, 63 L. Ed 561; Equi v. United States [9 Cir.], 261 F. 53, 171 C. C. A. 649; Wimmer v. United States [6 Cir.], 264 F. 11. * * *

"Argument is also made that the statute in question is unconstitutional as abridging the right of free speech granted by the Constitution. But we think it is so well settled that the right of free speech does not imply unrestricted license that no extended notice need be given to this assignment. The act defining criminal syndicalism as circulating and displaying printed matter advocating, advising, teaching, or affirmatively suggesting crime as a means of accomplishing industrial or political ends, or for a profit, is not a denial of the free speech granted by the Constitution."

In the case of Stromberg v. California, 283 U. S. 359, 51 S. Ct. 532, 75 L. Ed. 1117, 73 A. L. R. 1484, the United States Supreme Court held:

"The right of free speech is not an absolute one, and the state, in the exercise of its police power, may punish its abuse by those who indulge in utterances which incite to violence and crime, and threaten the overthrow of organized government by unlawful means."

Validity of syndicalism and sabotage statutes directed against political, social, or industrial propaganda, see Annotations, 1 A. L. R. p. 336 and 20 A. L. R. 1535, 73 A. L. R. 1484.

The opinion of the court is that the construction heretofore placed upon the act in question is correct, and we see no reason why it should be otherwise held. In the cases now before us it is our conclusion that said petitions do not state facts which show that petitioners are entitled to the relief prayed for; the demurrers thereto should be and are sustained, and the writs denied.