## Ex parte HAYS.

No. A-11367    March 8, 1950.

(215 P. 2d 854.)

LeRoy Powers and John F. Eberle, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., Granville Scanland, Co. Atty., and Russell Holloway, Asst. Co. Atty., Oklahoma City, for respondent.

JONES, P. J. This is an original action in habeas corpus instituted by the petitioner De Wayne Hays for the purpose of securing his discharge from the county jail of Oklahoma county.

In the verified petition it is alleged that the restraint of the petitioner is by reason of a purported commitment issued by a justice of peace of Oklahoma City after a purported preliminary hearing before said justice of the peace; that the commitment of the said justice of the peace was without legal effect and void for the reason that the evidence before said justice of the peace was wholly insufficient to show that a crime had been committed or to show that the petitioner was guilty thereof.

The petition further alleges that no information has been filed in the district court charging petitioner with any crime and that the petitioner is deprived of his freedom in violation of his statutory and constitutional rights.

The sheriff of Oklahoma county filed a response to the petition in which he alleged that an information had been filed in the district court of Oklahoma county charging the said De Wayne Hays with the crime of forgery in the second degree and further alleging that all preliminary proceedings had been regularly conducted and that petitioner at the time he was ordered held to await trial in the district court by the committing magistrate had had his appearance bond fixed in the sum of $1,000.

At the hearing before this court it was agreed that an information had been filed in the district court of Oklahoma county charging the petitioner with the crime of forgery in the second degree and that petitioner had had his bail fixed in the sum of $1,000, conditioned for his appearance before the district court for trial, but that said bond had not been perfected.

Counsel for petitioner by this action have asked this court to review the transcript of the evidence taken at the preliminary hearing for the purpose of determining the sufficiency of the evidence.

In the case of Ex parte Wood, 71 Okla. Cr. 200, 110 P. 2d 304, 305 this court stated:

"The office of the writ of habeas corpus is not to determine the guilt or innocence of the prisoner, and the only issue which it presents is whether or not the prisoner is restrained of his liberty by due process of law, and a defendant held by virtue of an information preferred by a proper prosecuting officer in a court of competent jurisdiction cannot be discharged on habeas corpus for insufficiency of the evidence on his preliminary examination to show commission of a felony or probable cause to believe him guilty thereof. A defendant has the right to raise this question in a court where the information is pending, by motion to quash or set aside the information; upon adverse ruling by the court the remedy is by appeal from a judgment of conviction."

This rule has been steadfastly followed by this court. Ex parte Johnson, 29 Okla. Cr. 374, 233 P. 1092; In re Hill, 12 Okla. Cr. 335, 156 P. 686; Ex parte Woods, 7 Okla. Cr. 645, 125 P. 440; Ex parte King, 41 Okla. Cr. 241, 272 P. 389; Ex parte Wheeler, 65 Okla. Cr. 290, 85 P. 2d 434; Ex parte Keel, 62 Okla. Cr. 277, 71 P. 2d 313; Ex parte Green, 69 Okla. Cr. 218, 101 P. 2d 641; Ex parte Robnett, 69 Okla. Cr. 235, 101 P. 2d 645.

The petition for the writ of habeas corpus is denied.

BRETT and POWELL, JJ., concur.