Ex parte McALLISTER.

No. A-11592. June 14, 1951.

(232 P. 2d 649.)

Coffey, Lassiter & Coffey, Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Lewis J. Bicking, County Atty., Tulsa County, Oklahoma, for respondent.

POWELL, J. The petitioner, C. B. McAllister, on June 8, 1951, filed herein his petition for writ of habeas corpus, alleging that he was unlawfully restrained of his liberty and unlawfully imprisoned in the Tulsa county jail at Tulsa, Oklahoma, by George Blaine, sheriff of Tulsa county. It is alleged that the restraint is by reason of a commitment issued by Stanley C. Edmister, judge of the common pleas court of Tulsa county, Division 3, upon a charge of embezzlement.

Petitioner sets out that on April 5, 1951, he was arrested, based on a preliminary information charging him with the crime of embezzlement; that on April 30, 1951, he had a preliminary trial before Hon. Leslie Lisle, Division 1 of the court of common pleas, and that the court sustained his demurrer to the state's evidence and defendant was discharged. That on May 2, 1951, the county attorney of Tulsa county filed a second preliminary information, making the same charge as the first preliminary information, which came on for hearing before Hon. Stanley C. Edmister; that Judge Lewis C. Johnson of Division 4 of the court sat wtih Judge Edmister in an advisory capacity; that at the conclusion of the state's evidence petitioner filed a demurrer setting up that the state had wholly failed to prove that a crime had been committed or that there was probable cause to believe the defendant guilty thereof. That the matter was by the court taken under advisement, and the parties submitted briefs. That on May 29, 1951, Judge Edmister overruled defendant's demurrer and ordered him held for trial in the district court, and set his bond at $1,000. Judge Lewis C. Johnson dissented from the holding of Judge Edmister.

On May 29, 1951, petitioner filed in the district court of Tulsa county a petition for writ of habeas corpus, and thereafter on the same day the county attorney of Tulsa county filed an information in the district court of Tulsa county, based on the preliminary complaint and hearing in the court of Judge Edmister. Judge Horace D. Ballaine denied the petition for writ of habeas corpus filed in the district court; and denied petitioner's motion to quash the information filed therein.

As grounds for the writ applied for from this court, it is contended as in the district court, that there was no competent legal evidence before the examining magistrate to show that a crime had been committed, or reasonable cause to believe defendant guilty thereof, and that the examining magistrate was without jurisdiction to bind the petitioner over to the district court. A transcript of the evidence on preliminary and a copy of the information filed in the district court were made a part of the petition for writ filed in this court. Oral argument was had on June 11, 1951. The county attorney of Tulsa county and the Attorney General of Oklahoma filed a demurrer to the petition for writ.

Tit. 12 O. S. 1941 § 1342, subd. 4, provides:

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following: * * *

"Fourth. Upon a warrant or commitment issues from the district court, or any other court of competent jurisdiction upon an indictment or information."

198

In the early case of Burroughs v. State, 10 Okla. Cr. 87, 133 P. 1142, this court speaking through Judge Doyle, said:

"In this case it appears from the averments of the petition that the petitioner is being held by virtue of an information preferred by the county attorney in a court of competent jurisdiction, to wit, the district court of Rogers county, and under the foregoing provision of the statute the writ of habeas corpus cannot be resorted to for the purpose of determining the sufficiency of the evidence adduced upon the preliminary examination to show probable cause. The office of the writ of habeas corpus is not to determine the guilt or innocence of the prisoner, and the only issue it presents is whether or not the prisoner is restrained of his liberty by due process of law. The due and proper administration of public justice requires that whenever an information is filed in a court of competent jurisdiction, it is its right and duty to proceed to its final determination without interference from any other tribunal, and the writ of habeas corpus cannot be resorted to on the plea that the evidence adduced upon the preliminary examination was insufficient to show that a felony had been committed, or probable cause for believing the defendant guilty thereof. The defendant has a right to raise this question in the court where the information is pending by a plea in abatement, or by motion to quash, or motion to set aside the information."

The law announced in the above case has been adhered to in a long list of cases, which may be referred to for a more detailed treatment. See the following cases, and cases therein cited: Ex parte Black, 37 Okla. Cr. 83, 256 P. 941; Ex parte Wheeler, 65 Okla. Cr. 290, 85 P. 2d 434; Ex parte Wood (and five other cases) 71 Okla. Cr. 200, 110 P. 2d 304; In re Day, 82 Okla. Cr. 139, 167 P. 2d 380; Ex parte Kruse, 62 Okla. Cr. 283, 71 P. 2d 318; Ex parte Hays, 91 Okla. Cr. 61, 215 P. 2d 854.

The petition for writ of habeas corpus is denied.

BRETT, P. J., and JONES, J., concur.