## Ex parte DUNCAN et ux.

No. A-11960. July 15, 1953.

(259 P. 2d 538.)

Wayne E. Wheeling and Frank M. Massad, Oklahoma City, for petitioner.

L. D. Harris, County Atty., McClain County, Purcell, for respondent.

POWELL, P. J. Petitioners, LeRoy Freeman Duncan and Donnie Duncan, husband and wife, allege that they are illegally held in the county jail of McClain county by the sheriff of that county; that they were charged by preliminary information in the justice court of S. C. Thompson, justice of the peace, sitting as an examining magistrate, with the crime of burglary in the second degree. It is asserted that the state at said preliminary examination held on the 7 day of May, 1953, failed to produce sufficient evidence to show probable cause to believe that petitioners were guilty of the crime charged, or any other crime, and that the evidence actually produced and testified about was obtained in violation of the constitutional rights of the parties by means of unlawful search and seizure.

It is further set out in the petition that the examining magistrate bound defendants over to await the action of the district court of McClain county, Oklahoma, and on the 15th day of May, 1953, an information was filed in the district court of such county, charging petitioners with burglary in the second degree, case No. 2620.

Attached to petition is transcript of the proceedings before the examining magistrate and in the district court of McClain county up to the time of the filing of the petition in this court on the 27 day of June, 1953. From the transcript, as well as the response filed by the county attorney of McClain county, it appears that on the 15 day of May, 1953, the day the information was filed, petitioners entered their plea of not guilty and bond was set at $3,000; and it further appears that petitioners filed in said court their motion to suppress the evidence that was adduced at the preliminary examination and which formed the basis for the charge, which motion was by the court overruled, the petitioners saving exceptions. Thereafter, and on June 11, 1953, petitioners presented to the district court of McClain county their peittion for writ of habeas corpus, which after hearing was denied.

On hearing before this court on the 8th day of July, 1953, counsel for petitioners insisted that this court consider the question as to the sufficiency of the evidence presented by the state at the preliminary hearing, to show probable cause, and to determine whether or not the evidence so produced was the result of an unlawful search and seizure, in violation of their constitutional rights, Const. Art. II, § 30. It was insisted that the case of Ex parte Crowell, 39 Okla. Cr. 201, 264 P. 642, 643, was determinative of the issues presented, entitled petitioners to have, and made it imperative for this court to consider the matters urged. That case held:

"Where there is no legal or competent evidence to sustain it, an order of commitment to hold for trial before the district court is void, and petitioner will be discharged on habeas corpus."

The Crowell case and a number of similar cases cited are found inapplicable to the facts in this case, for the reason that in such cases the petitions for writ of habeas corpus were presented to this court and heard prior to the filing of an information or indictment in the district court.

The statute governing is Tit. 12 O.S. 1951 § 1342, reading as follows:

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following: * * *

"Fourth. Upon a warrant or commitment issued from the district court, or any other court of competent jurisdiction, upon an indictment or information."

See the case of Ex parte Wood, 71 Okla. Cr. 200, 110 P. 2d 304, where the subject is treated in detail. See the early cases of Ex parte Johnson, 1 Okla. Cr.

414, 98 P. 461; Ex parte Turner, 3 Okla. Cr. 168, 104 P. 1071; Ex parte McAllister, 94 Okla. Cr. 196, 232 P. 2d 649.

In the Wood case, Judge Barefoot said:

"The office of the writ of habeas corpus is not to determine the guilt or innocence of the prisoner, and the only issue which it presents is whether or not the prisoner is restrained of his liberty by due process of law, and a defendant held by virtue of an information preferred by a proper prosecuting officer in a court of competent jurisdiction cannot be discharged on habeas corpus for insufficiency of the evidence on his preliminary examination to show commission of a felony or probable cause to believe him guilty thereof. A defendant has the right to raise this question in a court where the information is pending, by motion to quash or set aside the information; upon adverse ruling by the court the remedy is by appeal from a judgment of conviction."

By reason of the foregoing, the petition for writ of habeas corpus is denied.

JONES and BRETT, JJ., concur.