**Johnny Joseph JOHNSON, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. O–79–312.**

Court of Criminal Appeals of Oklahoma.

June 12, 1979.

## ORDER DENYING WRIT OF MANDAMUS, WRIT OF HABEAS CORPUS AND WRIT OF PROHIBITION

Petitioner, Johnny Joseph Johnson, seeks relief from this Court in criminal cases pending against him in Oklahoma County District Court. Petitioner is charged in Case Nos. CRF–78–4144 and CRF–78–4145 with Murder in the First Degree. Petitioner was bound over for trial on both cases after preliminary hearing on May 1 and May 5, 1979, before the Honorable William Allen. On May 5, 1979, petitioner was arraigned, and a trial date was set for June 18, 1979. On May 29, 1979, petitioner's motion to quash on both charges was denied by the Honorable William S. Myers. Petitioner seeks various extraordinary relief from this Court: Writ of Mandamus to compel Judge Allen and Judge Myers to sustain defendant's motion to quash the preliminary hearing and dismiss; writ of habeas corpus to secure petitioner's release from his present confinement; and writ of prohibition to compel the Honorable Jack R. Parr, Chief Judge of the Criminal Division, to stay the trial scheduled to begin June 18, 1979, until this Court can rule on the petition. The essence of petitioner's complaint is his allegation that no competent evidence was adduced at the preliminary hearing placing the petitioner at the scene of the crime, nor showing the cause of death of the alleged murder victims. In support of his request for mandamus, petitioner states that refusal of the examining magistrate to dismiss and refus-

al of the trial court to sustain the motion to quash constituted violations of official duty, concerning which there was no judicial discretion, thereby warranting issuance of the writ. Petitioner's contention is without merit. There is no right of direct appeal from a ruling on a pretrial motion to quash, and a defendant suffering an adverse ruling may not obtain review by extraordinary writ, neither prohibition or mandamus. *Jones v. Dillard,* Okl.Cr., 545 P.2d 209 (1976), and *Williams v. Colbert,* Okl.Cr., 544 P.2d 1281 (1976). Application for writ of mandamus is denied.

■ In support of his request for writ of habeas corpus, petitioner cites *Ex parte Crowell,* 39 Okl.Cr. 201, 264 P. 642 (1928), and quotes the following excerpt from the opinion:

"Where there is no legal or competent evidence to sustain it, an order of commitment to hold for trial before the district court is void, and petitioner will be discharged on habeas corpus. . . ." (Citation omitted) 264 P. at 643

However, *Crowell* dealt with a commitment order issued by a justice of the peace, and the rule enunciated therein is limited in its proper application as explained by this Court in *Ex parte Duncan,* 97 Okl.Cr. 129, 259 P.2d 538 (1953), wherein we stated:

"The *Crowell* case and a number of similar cases cited are found inapplicable to the facts in this case, for the reason that in such cases the petitions for writ of habeas corpus were presented to this court and heard prior to the filing of an information or indictment in the district court.

"The statute governing is Tit. 12 O.S. 1951, § 1342, [12 O.S.1971, § 1342] reading as follows:

" 'No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following: * * *

" 'Fourth. Upon a warrant or commitment issued from the district court, or any other court of competent jurisdiction, upon an indictment or information.'

"See the case of *Ex parte Wood,* 71 Okl.Cr. 200, 110 P.2d 304, where the subject is treated in detail. . . . (Citations omitted)

"In the *Wood* case, Judge Barefoot said [71 Okl.Cr. 200, 110 P.2d 305]:

" 'The office of the writ of habeas corpus is not to determine the guilt or innocence of the prisoner, and the only issue which it presents is whether or not the prisoner is restrained of his liberty by due process of law, and a defendant held by virtue of an information preferred by a proper prosecuting officer in a court of competent jurisdiction cannot be discharged on habeas corpus for insufficiency of the evidence on his preliminary examination to show commission of a felony or probable cause to believe him guilty thereof. A defendant has the right to raise this question in a court where the information is pending, by motion to quash or set aside the information, upon adverse ruling by the court the remedy is by appeal from a judgment of conviction.' "

In the instant case, it appears from the petitioner's allegations that proceedings have been held in the trial court on the information, including arraignment and motion to quash, and petitioner's continued detention is subject to order of the trial court. Therefore, *Crowell* does not aid the petitioner and writ of habeas corpus will not obtain.

The request for writ of prohibition will also be denied, it being urged in aid of this Court's determination of the petitioner's application, which determination shall not now delay start of the scheduled trial. The relief prayed for is, accordingly, *DENIED* and this cause *DISMISSED.*

WITNESS OUR HANDS and the Seal of this Court, this 12th day of June, 1979.

TOM CORNISH, P. J.

TOM BRETT, J.

HEZ J. BUSSEY, J.