## *Ex parte* PATMAN.

No. 106.    Opinion Filed April 15, 1908.

(95 Pac. 622.)

1.    HABEAS CORPUS—Object of Writ. The writ of habeas corpus is not designed to operate as a writ of error or certiorari, and does not have their effect. It deals with irregularities which render proceedings void.

2.    SAME—Procedure—Review of Facts. The court on habeas corpus will not, for the purpose of discharging the relator, consider the sufficiency of facts relied on as evidencing that he is being prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may have testified or produced evidence in another court.

3.    SAME. The writ of habeas corpus cannot be resorted to for the purpose of discharging the relator on a plea set up in the petition praying for such ; writ that by indictment in a court of competent jurisdiction he is being prosecuted or subjected to a penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may have so testified or produced evidence in such court.

(Syllabus hv the Court.)

Application of Thomas Patman for writ of *habeas corpus.* Writ denied.

Prior to the admission of the state of Oklahoma into the Union the relator, Thomas Patman, was jointly indicted with Ben Titsworth and Eugene Titsworth by a grand jury in the United States Court for the Western District of the Indian Territory, at Muskogee, charging them with the crime of murder. Relator in his petition in this action states that he had knowledge and was in possession of facts that tended to establish the guilt of said Eugene F. Titsworth of the crime of murder of which he, the said Eugene Titsworth, was indicted, and the petitioner was not excused by the said state of Oklahoma from giving such facts of which he was in possession and acknowledged to against said Eugene Titsworth to his attorneys at the trial of said Eugene Titsworth, but was called upon by the

state of Oklahoma to testify in said cause on the part of the state of Oklahoma, and did so testify, and that the evidence given and testified to by the said petitioner did tend to incriminate and did incriminate this petitioner under the laws of the state of Oklahoma and under the Constitution of said state of Oklahoma, and that this petitioner is being held in the United States jail at Muskogee by the respondent, R. M. Ramsey, as sheriff of Muskogee county, state of Oklahoma, and is being prosecuted and subjected to the laws of the state of Oklahoma on account of the matters and things about which the prisoner testified to and gave evidence of, and is now, in consequence of the charge of this petitioner, deprived of his liberty by the said R. M. Ramsey, sheriff of Muskogee county, state of Oklahoma, in violation of the provisions of the Constitution of the state of Oklahoma under article 2, § 27, and under the act of Congress of February 11, 1893, c. 83, 27 Stat. 443 (U .S. Comp. St. 1901, p. 3173). The relator therein prays for the issuance of a writ of *habeas corpus* directing and commanding the said sheriff to bring the body of said petitioner before this court that the matters and things therein alleged may be duly inquired into, and that after due examination of same he be discharged from jail and given his liberty.

Said petition was duly filed with this court on March 11, 1908, and writ of *habeas corpus* was issued on the 20th day of March A. D. 1908, returnable on the 28th day of March, A. D. 1908. On said date the respondent duly made his return which was as follows:

"(1)      That he has the body of said Thomas Patman in his custody in his official capacity as such sheriff. (2)      That he holds said Thomas Patman under and by virtue of an order of commitment of the district court of Muskogee county, state of Oklahoma, same being in conformity to law in all respects; said relator having been transferred to him as such sheriff by the United States marshal of the Eastern district of the state of Oklahoma; said relator having been held by the United States marshal under and by virtue of an order of commitment issued in a certain criminal prosecution by indictment for the crime of murder alleged to have been committed in the Western District of the

Indian Territory prior to the admission of Oklahoma into the Union and which said prosecution by indictment was pending in the United States Court for the Western District of the Indian Territory upon November 16, 1907. (3) Copy of the order showing the return of the indictment against the said defendant in the United States Court for the Western District of the Indian Territory on the 23rd day of October, A. D. 1907, showing that the said relator was indicted separate and alone of the crime of murder and not jointly with Eugene Titsworth and Ben Titsworth, charging said Thomas Patman with having, on the 5th day of July, 1907, in the Western District of the Indian Territory, murdered one Sam Roberts, and showing that said relator was held without bail, and that on the 24th day of February, A. D. 1908, he was delivered by the said United States marshal for said district to the respondent, as sheriff of Muskogee county."

*Chas. E. Bagg* and *Williams & Williams,* for relator.

*Chas. West, Atty. Gen., and W. C. Reeves, Asst. Atty. Gen.,* for respondent.

WILLIAMS, C. J. (after stating the facts as above). The relator being held in custody by the sheriff of Muskogee county to answer an indictment pending and undetermined in the district court of said county for the crime of murder, a writ of *habeas corpus* is prayed for by relator, not that he may be discharged on bail but it is claimed by him that he is entitled to an *absolute and unconditional* discharge from custody.

In the case of *Perry v. State,* 41 Tex. 489, the court says:

"The right to discharge is based upon the fact of appellant having previously been convicted in said court on another indictment for theft of a steer, found at the same term of the court as the indictments under which he is now held in custody. All of said indictments, it is insisted, having been found on the same evidence, and on account of the same transaction, are therefore claimed to be for one and the same supposed offense. An application for *habeas corpus* for the purpose and under the circumstances for which this was made is certainly novel and without precedent in the courts of this state. It would seem to have long since been much too well established by the common law as well as our statutes that an indictment not void upon its face, regularly returned to and pending in a court having jurisdiction thereof, could only be disposed of by some appropriate proceed-

ing in such court for an experiment such as the present. The practice at common law in the court of King's Bench is thus stated in Wilmont's Opinion, 106 (Hurd on Habeas Corpus, 331) : 'In imprisonment for criminal offenses the court can act upon it only in one of three manners : (1) If it appear clearly that the fact for which the party is committed is no crime, or that it is a crime, but he is committed for it by a person who has no jurisdiction, the court discharges. (2) If doubtful whether a crime or not, or whether the party be committed by a competent jurisdiction, or if it appears to be a crime, but a bailable one, the court bails him. (3) If an offense, not bailable, and committed by a competent jurisdiction, the court remands or commits him. It is certainly essential to the proper discharge of its duties, and the due and sufficient administration of the law that whenever a court assumed to act in a matter, and over parties within its jurisdiction, it is its right and duty to proceed to its final determination without interference from any other tribunal.' The writ of *habeas corpus* was not granted to operate as a *writ of error or certiorari,* and does not have their force and effect. It does not deal with error or irregularities which render proceedings voidable, merely, but such only as render them absolutely void."

In the case of *Ex parte Crofford,* 39 Tex. Cr. R. 548, 47 S. W. 533, the court says :

"Relator was placed upon trial before a jury in the district court of Montague county on the charge of murder. The jury retired to consider their verdict on the 10th of August On the morning of the 12th, in the absence of the defendant, the jury was brought into court and discharged from further consideration of the case. It is shown by the judgment of the court that the court adjudicated the question as to the probability of their agreeing to a verdict. The defendant was not present, and not consulted in regard to the discharge of the jury. In fact he was in jail at the time. He resorted to the writ of *habeas corpus* for the purpose of seeking his discharge on the ground that he had been placed in jeopardy and could not be tried again; and this is the only ground alleged by the relator, and upon the hearing of the writ remanded relator to custody, and this appeal is prosecuted therefrom. This is not a novel case in Texas. Since the case of *Perry v. State,* 41 Tex. 488, the decisions have been uniform that the writ of *habeas corpus* cannot be resorted to for the purpose of discharging an applicant on a plea of former jeopardy. See, also,

*Darrah v. Westerlage,* 44 Tex. 388; *Ex parte Scwartz,* 2 Tex. App. 74; *Griffin v. State,* 5 Tex. App. 457."

In this case, the relator being held by virtue of an indictment pending in a court of competent jurisdiction, and over parties within its jurisdiction, it is certainly its right and duty to proceed to its final determination without interference from any other tribunal. In the case of the *United States v. Armour & Co.* (D. C.) 142 Fed. 818, Humphrey, district judge, says: "* * * That the officer or agent of the corporation, if the facts bring him within the purview of the law, *may plead* such immunity." In the case of *Hale v. Hinkle,* 201 U. S. 68, 26 Sup. Ct. 376, 50 L. Ed. 663, the Supreme Court of the United States says: "The suggestion that a person who has testified compulsorily before a grand jury may not be able, if subsequently indicted for some matter concerning which he testified, to procure the evidence necessary to maintain his *plea,* is more fanciful than real." Where shall the party charged with a crime by indictment plead such immunity? Certainly not in another court in a proceeding for writ of *habeas corpus,* but in the court where the indictment is pending, just like any other plea in abatement or bar may be made and entertained.

Writ of *habeas corpus* denied.

All the Justices concur.