[L. A. No. 7089.  In Bank.—April 11, 1923.]

ELMER M. PRICHARD et al., Respondents, v. CAROLYN KIMBALL et al., Defendants; A. J. O. KORBEL, Defendant and Appellant.

[1] LANDLORD AND TENANT — ACTION FOR CANCELLATION OF LEASE — PLEADING—PARTIES.—Where a lease provided that an assignment should not release the assigning lessee from carrying out the terms of the lease and in a supplementary lease it was provided that none of the lessees under the first lease should be deemed to be released from any terms or conditions thereunder by the supplementary lease, a lessee, whether or not he assigned his rights under the first lease, was a proper party defendant to an action for the cancellation thereof, although he was not a party to the supplementary lease.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

John R. Layng for Appellant.

Geo. A. Prichard, Leslie E. Clawson and M. M. Meyers for Respondents.

LAWLOR, J.—The facts in this case are the same as in *Prichard* v. *Kimball, ante,* p. 757 [214 Pac. 863]. This appeal is taken separately by defendant A. J. O. Korbel from the judgment entered against all the defendants and rendered as to him upon his failure to answer after the overruling of his general demurrer to the complaint.

Appellant contends the complaint fails to state a cause of action in that there is no allegation that respondents demanded of him or that he failed or refused to give a quitclaim deed upon the expiration of the lease, which it is insisted was necessary before the respondents could institute this action; that from the fact that the second lease, which materially altered the terms of the first, was not signed by appellant, but by Wade H. Kimball, deceased, and defendant Carolyn Kimball only, it follows that appellant had assigned his interest in the lease or had been released by operation of law arising from the act of signing the second lease.

Considering these arguments, it must be borne in mind that this action is not one to recover damages for a breach of the contract or to enforce any of its provisions, but to cancel the outstanding contract, which, it is admitted by the demurrer, has terminated and expired, but from the face of which it cannot be ascertained whether or not the defendants still have any rights thereunder.

With reference to the first point, it is sufficient to refer to the holding in *Prichard* v. *Kimball, supra,* wherein was considered the appeal of appellant's codefendants, that in view of the allegations of the complaint to the effect that the defendants were claiming rights under the lease and

option, a demand for a deed would have availed respondents nothing and was not necessary.

[1] Considering the second point, in our opinion it is immaterial whether or not appellant has assigned his rights under the principal lease. It was provided in that instrument that such an assignment should not release the assigning lessee from carrying out the terms of the lease and in the supplementary lease that none of the lessees under the first lease should be deemed to be released from any terms or conditions thereunder by the supplementary lease. Appellant, although not a party to the supplementary lease, was in any event still bound by the terms of the first lease, and, as far as could be determined from the latter, remained a party to it. He was therefore properly made a party to this action to cancel it and a cause of action was stated as to him in that regard.

In view of our conclusion in *Prichard* v. *Kimball, supra,* that this is not an action to quiet title or to enforce a term of the lease, the complaint did not state a cause of action entitling respondents to recover attorneys' fees, and it follows that that portion of the judgment allowing such fees is erroneous.

The judgment as to this appellant is modified by striking therefrom the portion providing for a recovery of attorneys' fees and as modified is affirmed, each party to pay his own costs on appeal.

Myers, J., Waste, J., Lennon, J., Wilbur, C. J., Seawell, J., and Kerrigan, J., concurred.