## Ex parte PEARL C. BLACK.

No. A-6631.  Opinion Filed June 15, 1927.
(256 Pac. 941.)

R. R. Rittenhouse, for petitioner.

Edwin Dabney, Atty. Gen., for respondent.

EDWARDS, J.  This is an original proceeding in habeas corpus filed in this court on May 31, 1927, by petitioner Pearl C. Black, in which she alleges that she is unlawfully imprisoned and restrained by Dare Goss, sheriff of Alfalfa county, Okla.; that on April 25, 1927, a complaint was filed in the county court of said county charging petitioner and one Paul Morton with the crime of robbery with firearms of the Farmers' Bank of Jet; that thereafter a preliminary hearing was had and petitioner held for the action of the district court of said county, and bond fixed at $10,000.  Petitioner alleges that there was no legal or competent evidence introduced at said preliminary hearing which would warrant the committing magistrate in holding her.  A

transcript of all the evidence taken at the preliminary is attached to the petition. Upon said petition, a rule to show cause was issued, and respondent, Dare Goss, filed his response setting out that he is sheriff of Alfalfa county, Okla., and holds petitioner by reason of a commitment issued by the county judge of Alfalfa county, as committing magistrate. A copy of said commitment is attached to his response.

The provisions of article 5, c. 7, Comp. Stat. 1921, setting out the requirements of law and the manner in which a magistrate shall conduct a preliminary examination, were closely followed. Since this petition was presented, there has been further furnished this court. a certified copy of an information duly filed in the district court of Alfalfa county charging defendant with robbery by firearms. This information follows substantially the charge made in the complaint upon which the preliminary was had. When a preliminary examination has been had and an accused held for the action of the district court, and an information based thereon has been filed in the district court, habeas corpus may not be resorted to to test the sufficiency of the evidence adduced upon such preliminary. Ex parte Burroughs, 10 Okla. Cr. 87, 133 P. 1142. In such case the defendant may raise the question in the court where the information is pending by proper plea or motion. As this case has not yet been tried, we deem it improper to discuss the evidence adduced at the preliminary examination. We have, however, carefully read this evidence; it discloses that defendant was not present at the time the bank was robbed, yet we think there are such circumstances shown tending to prove her connection with the robbery as a coconspirator which fully warranted the committing magistrate in his finding of sufficient cause to believe defendant guilty of the offense charged.

The writ is denied, and petitioner remanded to the custody of the sheriff of Alfalfa county. ·

DOYLE, P. J., and DAVENPORT, J., concur.