Ex parte HOWARD LANSDON.
Ex parte DANIEL DANIELS.

Nos. 6661, 6662.   Opinion Filed Aug. 27, 1927.
(258 Pac. 1065.)

C. F. Gowdy, for petitioners.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J.   The petitioners, Howard Lansdon

and Daniel Daniels, it appears, were arrested in Nowata county, and were jointly charged with the crime of assault with intent to kill one H. B. Lowery and one Rupert Lemons, and taken before W. H. Thomason, county judge, and on their preliminary examination were held to the district court, and the appearance bond of each fixed in the sum of $5,000.

It is alleged that they are unlawfully imprisoned by W. F. Gillespey, sheriff of said county, because the evidence introduced before said committing magistrate upon such preliminary examination wholly fails to show that the petitioners are guilty of the crime charged or any other crime.

It is further alleged that petitioners applied to the district judge of said judicial district for writs of habeas corpus and the same were denied.

It is further alleged that the bail fixed is excessive, and that they will be forced to remain in jail until the October term of court unless the writs are allowed.

In response to a rule to show cause, returnable June 30, 1927, a hearing was had upon the petitions and the returns thereto, showing that said petitioners had been by information filed in the district court of Nowata county, charged with the crime of assault with intent to kill as set forth in the preliminary complaint.

Thus it appears that the petitioners are being held by virtue of an information preferred by the county attorney in a court of competent jurisdiction, to wit, the district court of Nowata county.

Under section 432, C. S. 1921, the writ of habeas corpus cannot be resorted to for the purpose of determining the sufficiency of the evidence adduced upon a preliminary examination to show probable cause after

an information has been duly filed, based upon a preliminary examination had in the case.

The office of the writ of habeas corpus is not to determine the guilt or innocence of the prisoner, and the only issue it presents is whether or not the prisoner is restrained of his liberty by due process of law.

In Ex parte Burroughs, 10 Okla. Cr. 87, 133 P. 1142, we said:

"The due and proper administration of public justice requires that whenever an information is filed in a court of competent jurisdiction, it is its right and duty to proceed to its final determination without interference from any other tribunal, and the writ of habeas corpus cannot be resorted to on the plea that the evidence adduced upon the preliminary examination was insufficient to show that a felony had been committed, or probable cause for believing the defendant guilty thereof. The defendant has a right to raise this question in the court where the information is pending, by a plea in abatement, or by a motion to quash, or motion to set aside the information."

On the authority of the Burroughs Case the writs were denied.

It was further ordered, adjudged, and decreed that under the weak and unsatisfactory nature of the evidence disclosed by a transcript of the same taken upon the preliminary examination, and in view of the fact that no trial could be had before next October, the amount of $5,000 fixed as bond for the appearance of each petitioner is excessive and the same should be reduced.

It is therefore ordered and adjudged that the bond of each petitioner be fixed in the sum of $1,000, conditioned as by law required, and upon the approval of such bonds that petitioners be released, the same to be approved by the court clerk of said county.

EDWARDS and DAVENPORT, JJ., concur.