Ex parte GEORGE EASON et al.

No. A-7634.   Opinion Filed Nov. 16, 1929.
(282 Pac. 684.)

H. C. Hargis, for petitioner.

212

J. Berry King, Atty. Gen., J. H. Lawson, Asst. Atty. Gen., and Paul O. Simms, Co. Atty., and Edw. H. Brady, Asst. Co. Atty., for respondent.

EDWARDS, P. J. This is an original proceeding in habeas corpus. Petitioner in substance alleges that he is restrained by the sheriff of Craig county in the county jail and that said restraint is without authority of law; that petitioner was charged with robbery by firearms before the county judge of said county, sitting as a magistrate. A preliminary examination was had, and the principal evidence against petitioner was the testimony of an accomplice; that there was no sufficient corroboration of the testimony of the accomplice to show sufficient cause. It is admitted before this court that the crime of robbery with firearms of the First State Bank of Centralia was committed as charged, that the testimony of one Charles Emick is that the petitioner with said Emick and one Dick Gregg and Herman Willison committed the robbery. There was testimony by other witnesses which petitioner contends is not sufficient under section 2701, Comp. St. 1921, which provides that a conviction cannot be had upon testimony of an accomplice unless corroborated. The state asserts that the corroboration is sufficient.

Prior to the filing of the petition for a writ of habeas corpus in this court, an information based on the preliminary had been filed in the district court of Craig county. It has been the uniform holding of this court that where an accused has had a preliminary examination and a finding of sufficient cause has been made by the examining magistrate and by him transmitted to the district court and an information there filed, a defendant cannot resort to the writ of habeas corpus on the ground that the evidence adduced at the preliminary examination was in-

sufficient to show that a felony had been committed or that there was sufficient cause for believing the defendant guilty thereof. Ex parte Burroughs, 10 Okla. Cr. 87, 133 Pac. 1142; Ex parte Black, 37 Okla. Cr. 83, 256 Pac. 941. See also Ex parte Patman, 20 Okla. 846, 95 Pac. 622. Under our practice a proceeding by habeas corpus may be invoked after commitment by a magistrate upon a charge of felony only where there is no evidence reasonably tending to show sufficient cause. In theory, if there be none, then the magistrate is without jurisdiction to hold the accused. If there is such evidence, the magistrate has jurisdiction to hold, and the court or judge hearing the matter on habeas corpus does not sit as a court of review to weigh or determine the sufficiency as respects the credibility of the witnesses or the guilt or innocence of the accused, but to inquire only whether the holding was without jurisdiction by reason of a lack of evidence. The judgment of a committing magistrate is not to be reviewed beyond determining this question. If there is evidence to show that a crime has been committed and some competent evidence from which the magistrate may find there is sufficient cause to believe the accused committed it, accused is not entitled to be discharged on habeas corpus.

An examination of the transcript of the testimony taken at the preliminary attached to the petition discloses that it contains some evidence other than that of the accomplice tending to connect the defendant with the commission of the offense charged. We do not determine its sufficiency to sustain a conviction upon final trial. It is well settled that in a preliminary examination it is unnecessary that the evidence be sufficient to support a conviction. It is enough if it shows an offense was committed and that there is sufficient cause to believe the defendant guilty thereof. Ex parte Roberts, 31 Okla. Cr. 314, 238

Pac. 867; Ex parte Miller et al., 29 Okla. Cr. 301, 233 Pac. 775; McCurdy v. State, 39 Okla. Cr. 310, 264 Pac. 925; State v. Harris, 44 Okla. Cr. 116, 279 Pac. 925. For the reasons stated, it is unnecessary for this court to determine whether or not the uncorroborated testimony of an accomplice would establish sufficient cause for holding an accused upon a preliminary examination under section 2487, Comp. St. 1921. There is a dearth of authority upon the question whether or not the uncorroborated testimony of an accomplice will make a showing of sufficient cause. State v. Smith, 138 Ala. 111, 35 So. 42, 100 Am. St. Rep. 26, holds it insufficient; to the same effect is Ex parte Oxley, 38 Nev. 379, 149 Pac. 992. It appears to us, however, that the statute forbidding conviction upon the uncorroborated testimony of an accomplice, section 2701, supra, applies to final trials and not to preliminary examinations, which are not trials in the ordinary sense. Ex parte McCurdy, supra.

The writ is denied.

DAVENPORT and CHAPPELL, JJ., concur.