## Ex parte WALTER PRESNELL.

No. A-8991.   Sept. 13, 1935.
(49 Pac. [2d] 232.)

Finis Walker, for petitioner.

Everett S. Collins, Co. Atty., and D. Luster Cook, Asst. Co. Atty., for respondent.

DOYLE, J. This is an application for writ of habeas corpus, in which the petitioner, Walter Presnell, seeks to secure his release by order of this court from the custody of the sheriff of Creek county.

It appears from the petition that on or about August 27, 1935, he was arrested upon complaint, charging him with the offense of receiving stolen property. Upon a preliminary examination before E. B. McNeal, justice of the peace in and for Drumright city district, Creek county,

he was held to answer in the superior court of Creek county, upon said charge, and in default of bail in the sum of $1,000 was committed to the county jail of said county. That he has since been, and is now, held in custody in said county jail. It is further averred that said restraint and imprisonment is illegal and unauthorized, because evidence produced upon said preliminary examination, so had and held as aforesaid, wholly failed to show that this petitioner was guilty of the crime of receiving stolen property. And that said evidence was wholly insufficient to raise or sustain a reasonable or probable cause for believing this petitioner to be guilty of the crime charged, or any other crime.

Upon the filing of the petition on September 10th, a rule to show cause issued, returnable September 13th, at which time an agreed statement of facts was filed.

As follows, it is stipulated and agreed that the transcript of the testimony attached to the petition is a complete record of all the testimony introduced at the preliminary hearing; that C. O. Beaver, judge of the superior court of Creek county, was not present at Drumright on the first Monday in September, and that the sheriff did not recess said term in his absence, nor was a judge pro tem. selected to open said term.

"It is further agreed between the parties hereto that the petitioner is held in jail under a commitment issued by E. B. McNeal, justice of the peace, and that an information was filed in the Drumright division of the superior court of Creek county on the 9th day of September, 1935."

In answer to the rule to show cause, respondent filed motion to dismiss on the ground that an information charging said Walter Presnell, petitioner, was on file in said

superior court at the time the petition in this cause was filed as shown by the stipulation.

Section 693, St. 1931, provides:

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following: * * *

"Fourth. Upon a warrant or commitment issued from the district court, or any other court of competent jurisdiction, upon an indictment or information."

It is the well-settled doctrine in this state that a preliminary examination before a committing magistrate is not a trial, and an order of commitment issued thereon is not "a process issued on a final judgment," and that the courts exercise a supervising jurisdiction over the proceedings of a committing magistrate by means of habeas corpus, and inquire into the legality of the commitment and the question of probable cause. Ex parte Johnson, 1 Okla. Cr. 414, 98 Pac. 461; Ex parte Beville, 6 Okla. Cr. 145, 117 Pac. 725. Where there is no legal or competent evidence to sustain it, an order of commitment to hold for trial before the district court is void, and petitioner will be discharged on habeas corpus. Ex parte Turner, 3 Okla. Cr. 168, 104 Pac. 1071; Ex parte Crowell, 39 Okla. Cr. 201, 264 Pac. 642.

It has long since been established that the office of the writ of habeas corpus is not to determine the guilt or innocence of the prisoner, and the only issue it presents is whether or not the prisoner is restrained of his liberty by due process of law. The due and proper administration of public justice requires that whenever an information is filed in a court of competent jurisdiction, it is its right and duty to proceed to its final determination without

interference from any other tribunal, and the writ of habeas corpus cannot be resorted to on the plea that the evidence adduced on the preliminary examination was insufficient to show that a felony had been committed, or probable cause for believing the defendant guilty thereof. The defendant has a right to raise this question in the court where the information is pending, by a plea in abatement, or by motion to quash, or motion to set aside the information. Ex parte Patman, 1 Okla. Cr. 141, 95 Pac. 622; Ex parte Burroughs, 10 Okla. Cr. 87, 133 Pac. 1142; Ex parte Black, 37 Okla. Cr. 83, 256 Pac. 941; Ex parte Lansdon, 38 Okla. Cr. 59, 258 Pac. 1065; Ex parte Eason, 45 Okla. Cr. 211, 282 Pac. 684.

It appearing that petitioner, for the reasons stated, is not entitled to the writ, it will be denied.

DAVENPORT, P. J., and EDWARDS, J., concur.