## ROBERT SPARKS v. STATE.

No. A-9756.   April 9, 1941.
(112 P. 2d 434.)

Brown Moore and Guy Horton, both of Stillwater, for defendant.

Mac Q. Williamson, Atty. Gen., J. Walker Field and Jess L. Pullen, Asst. Attys. Gen., and Leon J. York, Co. Atty., of Stillwater, for the State.

BAREFOOT, P. J.   Defendant, Robert Sparks, entered his plea of guilty to the crime of larceny of an automobile in Payne county, and was by the court sentenced to serve a term of five years in the reformatory, and has appealed.

This case comes to this court on appeal by transcript. There is no record which reveals the facts surrounding

the larceny of this car. The defendant was arrested on the 24th day of April, 1939, as a result of the filing of a complaint against him in the justice of the peace court on the 20th day of April, 1939. An information was filed in the district court on May 1, 1939. On the second day of May, 1939, defendant was arraigned in the district court. The record as amended shows the following order entered by the court on that date:

"Now, on this 2nd day of May 1939, this cause comes on for arraignment on the information filed herein, charging the defendant with the crime of larceny of an automobile. The state is present by its County Attorney, L. J. York, and the defendant is present in person and not represented by counsel. Thereupon the information is read and the court advises the defendant of his constitutional rights, and being thus fully advised, enters his plea of guilty to the crime as charged in the information. Thereupon the court fixes Saturday, May 6th, as sentence day."

On the 9th day of May, 1939, judgment and sentence was entered in the district court of Payne county sentencing the defendant Robert Sparks to imprisonment in the State Reformatory at Granite for a term of five years. On the 10th day of May, 1939, there was filed in the district court of Payne county a motion which is labeled "Motion to Modify Judgment and Sentence." In this motion the following grounds were set forth:

"(1) That he is 17 years of age and has never been convicted of an offense against the laws of the State of Oklahoma.

"(2) That he was not represented by counsel and did not understand his legal and constitutional rights when he entered a plea of guilty.

"(3) That he is not guilty of the charge.

"(4) That he is offered a job in the State of Illinois and his employment can start immediately.

"(5) That he desires that the court vacate, set aside and hold for naught the judgment and sentence rendered against him, or at least grant to him a parole to leave the state and take up employment which is now available to him. That he did not have a preliminary hearing and was not advised by counsel of his rights."

On the 20th day of May, 1939, the court overruled the above motion and the defendant has appealed to this court as above stated from the overruling of said motion.

The motion, while not so labeled, may be considered as a motion for new trial. It is obvious from the reading of the motion that four of the grounds, to wit: 1, 3, 4, and 5, are insufficient to cause a reversal of this case on appeal and need not be considered, except that part of the fifth ground which states: "That he did not have a preliminary hearing and was not advised by counsel of his rights."

We shall first consider that part of the fifth ground as above stated. The transcript in this case reveals the filing of a complaint in the justice of the peace court, but does not give any of the transcript of the proceedings of that court. It is contended by the defendant that for this reason this case should be reversed. In support of this proposition the following cases are cited: Bandy v. State, 13 Okla. Cr. 468, 165 P. 616; Little v. State, 21 Okla. Cr. 1, 204 P. 305; Williams v. State, 6 Okla. Cr. 373, 118 P. 1006; Muldrow v. State, 16 Okla. Cr. 549, 185 P. 332; Steiner v. State, 33 Okla. Cr. 298, 243 P. 1002.

We have carefully read the above cases. Some of them have no application to the facts in the instant case. In others, the facts in the case at bar are different from those in the cited cases, as will be hereafter shown, and the opinion, when properly construed, upholds the contention of the state. The facts were that defendant, after the information was filed against him in the district court, volun-

tarily entered his plea of guilty after being informed by the court of his constitutional rights. He in no way challenged the sufficiency of the information by filing a motion to quash or by plea in abatement. He did not even file a demurrer to the information. In all of the cases cited by defendant the rule has been well established by this court that it is necessary for the defendant to challenge the information in the manner above stated, and if he did not do so he would have been deemed to have waived his rights therein. In the case of Williams v. State, supra [6 Okla. Cr. 373, 118 P. 1008], cited by defendant, the court, speaking through Judge Doyle, says:

"That the defendant did not have a preliminary examination is a fact to be established by the defendant on a plea of abatement or on a motion to quash; otherwise all essential preliminary proceedings will be presumed."

In this case the court quotes from the opinions of other Supreme Courts as follows:

"In the case of People v. Wallace, 94 Cal. 497, 29 P. 950, it was held that:

" 'When, as a result of an examination, such an order has in fact been made and entered upon the docket of the justice, it would seem that no further action upon his part is necessary in order to authorize the district attorney to file an information against a defendant for the offense named in the order.'

"In the case of People v. Tarbox, 115 Cal. 57, 46 P. 896, the court used the following language:

" 'Good practice requires that the return of the examining magistrate should be made and filed before the information is filed; but we are not prepared to say that the filing of the information after the examination was had, and the order holding the defendant to answer was in fact made, was more than an irregularity, which would not justify a reversal of the judgment where it does not appear that it affected any substantial right of the defendant.'

"See, also, People v. Wilson [93 Cal. 377], 28 P. 1061; Ex parte Fowler, 5 Cal. App. 549, 90 P. 958."

In the case of Muldrow v. State, supra, also cited by defendant, the court says:

"If the defendant upon arraignment pleads to the merits and enters on the trial, he waives the right to preliminary examination, or, if one was held, any irregularities therein."

In the case of Tucker v. State, 9 Okla. Cr. 587, 132 P. 825, 827, the court says:

"Whether an examination has or has not been had or has been waived is a question of fact to be raised by the defendant. If he claims that this constitutional right has been denied to him, he can and should do so when he is arraigned upon the information by filing a plea in abatement, or by a motion to quash or to set aside the information. Williams v. State, supra. The motion to dismiss which we have considered here as a motion to quash is not presented by the record so as to make it available as it appears that said motion was not made until after the defendant had entered his plea of not guilty to the amended information. This plea was never withdrawn, nor was there any request to withdraw the same ever made. However, there can be no question but that the defendant's constitutional right to a preliminary examination was waived in the first instance; therefore the trial court properly overruled the motion."

It will thus be seen that the burden was upon the defendant to protect the record by challenging the information, either by the filing of a motion to quash or by a plea in abatement, and having failed to do this, he waived any right he may have had to object to the holding of a preliminary examination or the proper certifying of the transcript from the justice of the peace court to the district court. See, also, the following cases: Lowrance v. State, 33 Okla. Cr. 71, 242 P. 862; Ables v. State, 35 Okla. Cr.

26, 247 P. 423; Looper v. State, 42 Okla. Cr. 341, 276 P. 503.

The second ground of the motion was: "That he was not represented by counsel and did not understand his legal and constitutional rights when he entered a plea of guilty." This question was briefed by counsel for defendant prior to the amending of the transcript. This amendment brought to the record the order made by the court on May 2, 1939, and has heretofore been quoted. This order reveals that the information was read to defendant and the defendant was advised of his constitutional rights, and after being fully advised, entered his plea of guilty. He was sentenced on the 9th day of May, 1939. In cases recently decided by this court, we have held that one has a right to enter a plea of guilty and that he may even waive certain constitutional and statutory rights if his plea is voluntarily entered. Ex parte Gilbert, 71 Okla. Cr. 268, 111 P. 2d 205; Ex parte Meadows, 71 Okla. Cr. 353, 112 P. 2d 419.

The other grounds in the motion to modify the judgment and sentence are such that would come under the supervision of the pardon and parole power of the Governor of this state through the instrumentalities of his office. The facts in this case, together with the age of this defendant, may be submitted to the Governor as a matter of clemency for such disposition as the chief executive may deem just and proper.

For the reasons above stated, the judgment and sentence of the district court of Payne county is affirmed.

JONES and DOYLE, JJ., concur.