## Ex parte ETCIL M. OWEN.

No. A-10718.    August 14, 1946.

(171 P. 2d 868.)

Arthur H. Dolman, of Oklahoma City, and Joe T. Rogers, of Wichita, Kan., for petitioner.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

JONES, P. J. This is an original proceeding in habeas corpus by Etcil M. Owen through his wife, Lucille E. Owen, to secure his release from imprisonment in the State Penitentiary.

The petition alleges, in substance, that on March 3, 1932, an information was filed in the district court of Wagoner county charging the petitioner and one Louis Wallen with the larceny of domestic fowls. That on March 5, 1932, the petitioner, Etcil M. Owen, upon his plea of guilty to said information, was sentenced to serve two years in the State Penitentiary; that upon said judgment the said petitioner was taken to and confined in the State Penitentiary until about August 3, 1932, at which time he fled from said institution and continued at liberty until about February 1, 1946, when he was apprehended at Wichita, Kan., and returned to the State Penitentiary at McAlester, Okla., where he has since been in custody.

The petition further alleges that the judgment of the district court of Wagoner county is void for the reason that the said Etcil M. Owen was not given a preliminary examination and did not waive such examination before any magistrate of the State of Oklahoma.

Attached to and made a part of the petition was a certified copy of the appearance docket of the district court of Wagoner county in which the following recitals appear:

Appearance Docket Entries

| Date | Filings & Proceedings | Cost |
|------|----------------------|------|
| March 3, 1932 | Docket $2.00 File Information 10¢ | $2.10 |
| March 5, 1932 | Enter Record (Each of defendants plead guilty, sentenced to 2 years in Pen. | .10 |
| March 5, 1932 | Issue Judgment & Sentence | 1.00 |
| March 11, 1932 | File Judgment & Sentence 10¢ Return 10¢ (Delivered Louis Wallen to Pen 3-7-32) | .20 |
| March 11, 1932 | File Judgment & Sentence 10¢ Return 10¢ (Delivered Etcil Owen to Pen 3-7-32) | .20 |

Also attached to the petition and made a part thereof is a statement of the clerk of the district court of Wagoner county in which he certifies that there is no transcript from the justice of the peace court filed of record in his office in the case filed against the petitioner, Etcil M. Owen.

A rule to show cause was issued and a response filed by the Attorney General on behalf of the warden of the State Penitentiary, in which response it was specifically denied that petitioner did not have a preliminary examination, and it was further alleged that the respondent warden of the Oklahoma Penitentiary was holding the said petitioner pursuant to a due and lawful judgment of the district court of Wagoner county, Okla., under date of March 5, 1932, whereby the said Etcil M. Owen was sentenced to serve a term of two years in the Oklahoma State Penitentiary; that said judgment and sentence has not been served for the reason that the said Etcil M. Owen

escaped from said penitentiary on August 3, 1932, and was not returned unto said prison until February 9, 1946. The response further states that the questions attempted to be raised by said petition could only be presented by appeal, and do not constitute grounds for a release from custody by habeas corpus.

At the hearing had before this court, no parol testimony was taken, but the petitioner relied solely upon the absence in the record of any statement that he had had a preliminary examination as sustaining his proposition that no preliminary examination was held prior to the filing of the information in the district court.

The Constitution of Oklahoma (art. 2, § 17) which provides:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information. No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Prosecutions may be instituted in courts not of record upon a duly verified complaint,"

was cited and relied upon by the petitioner to sustain his contention that since the record was silent as to whether the petitioner had had a preliminary examination, it is presumed in the absence of a record that no preliminary examination was held, and that in the absence of a preliminary examination, the county attorney was without authority to file an information in the district court, and the district court was wholly without jurisdiction to proceed to pronounce judgment on the plea of guilty.

The petitioner's contentions are presented under two heads: First, the absence of any recital in the record in the office of the court clerk of Wagoner county showing the filing of a transcript from the justice of the peace raises a presumption that no preliminary proceedings were ever had before a justice of the peace. Second, that if no preliminary proceedings were held before a justice of the peace, the district court of Wagoner county did not acquire jurisdiction by the filing of the information to pronounce judgment upon the plea of guilty.

Assuming, for the purpose of disposing of the second question, that the petitioner's position in regard to the first proposition is correct, still it does not follow, as we view the law, that the petitioner is entitled to his release from confinement by habeas corpus.

In the early case of Ex parte Robinson, 56 Okla. Cr. 404, 41 P.2d 127, 128, the petitioner Robinson sought to secure his release from imprisonment by a habeas corpus action instituted in this court in which it was alleged that the petitioner had not had a preliminary examination before any magistrate having jurisdiction. At the hearing before this court it developed that a preliminary examination was conducted before one Harris, a justice of the peace for Konawa township district, but this court held that said Harris in conducting the preliminary examination was acting outside his jurisdiction, and that all of the proceedings before him were null and void. The writ of habeas corpus, however, was denied. In the body of the opinion it is stated:

"Article 2, § 17, Constitution, provides:

" ' * * * No person shall be prosecuted for a felony by information without having had a preliminary

examination before an examining magistrate, or having waived such preliminary examination. * *'

"This constitutional provision is for the benefit of an accused. It is in the nature of a personal privilege under which he may insist upon a preliminary examination before he can be put upon his trial or called upon to answer an information, but by its express terms he may waive this right. Canard v. State, 2 Okla. Cr. 505, 103 P. 737, 881, 139 Am.St.App. 949; Muldrow v. State, 16 Okla. Cr. 549, 185 P. 332; Simpson v. State, 16 Okla. Cr. 533, 185 P. 116; Ralston v. State, 16 Okla. Cr. 634, 185 P. 831; Browning v. State, 31 Okla. Cr. 373, 239 P. 272; Ables v. State. 35 Okla. Cr. 26, 247 P. 423; Neff v. State, 39 Okla. Cr. 133, 264 P. 649.

"It is well settled that an information charging a felony need not allege that an accused has had a preliminary examination or has waived it. Wines v. State, 7 Okla. Cr. 450, 124 P. 466; Robbins v. State, 12 Okla. Cr. 294, 155 P. 491; Browning v. State, supra; Stamper v. State, 25 Okla. Cr. 324, 220 P. 67. The manner of challenging jurisdiction because no preliminary examination was had is by motion to quash or set aside the information. The applicable statutes are, sections 2937, 2940, 2941, 2942, Okla. St. 1931 [22 O.S. 1941 §§ 493, 496 —498]. See, also, Quinton v. State, 10 Okla. Cr. 520, 139 P. 705; Robbins v. State, supra.

"A preliminary examination may be waived before the committing magistrate or t h e preliminary examination, and the entire preliminary proceedings may be waived in the trial court and is waived by failure to file motion to quash or set aside as provided by the statute before entering a plea on the merits."

The law of the case as fixed by the syllabus is as follows:

"A justice of the peace has no jurisdiction to hold his court as a magistrate, outside of the district for which he

was elected or appointed, and any attempt to do so is a nullity.

"(a) The constitutional provision, article 2, § 17, that 'no person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such examination.' is for the benefit of an accused and which, by express terms of the Constitution, he may waive.

"(b) The fact that accused has had a preliminary examination need not be alleged in the information or shown affirmatively by the state, the law presumes that accused has had a preliminary examination or has waived it, and when accused relies upon the want of a preliminary examination, the proper practice is to raise the question by motion to quash or set aside, before pleading to the merits.

"(c) Objections to an information, based on the absence of any essential preliminary proceeding, should be made by proper motion or plea, before pleading to the merits.

"(d) A preliminary examination may be waived before the committing magistrate or the entire preliminary proceeding may be waived in the trial court and is waived by failure to file a motion to quash or set aside in apt time."

In the case of Herren v. State, 72 Okla. Cr. 254, 115 P.2d 258, 259, it is held:

"The entire preliminary proceedings may be waived in the trial court and is waived by failure to file motion to quash or set aside as provided by the statute before entering a plea on the merits.

"After a plea of not guilty is entered upon arraignment in district court without filing a motion to quash the information, the question as to the failure to have a preliminary examination is waived and may not be

raised by an objection to the introduction of evidence at the beginning of the trial."

In the body of the opinion it is stated:

"The record is silent as to whether defendant was heard by counsel at the preliminary examination or whether he even had a preliminary hearing. When a record is silent as to certain proceedings had upon the trial, every presumption of law is in favor of the regularity of the proceedings; and in order for this presumption to be overcome. the contrary must affirmatively appear in the record. Killough v. State, 6 Okla. Cr. 311, 118 P. 620; Henry v. State, 10 Okla. Cr. 369, 136 P. 982, 52 L. R. A., N. S., 113.

"It is stated in 22 C.J.S., Criminal Law, § 589:

" 'In the absence of proof to the contrary, the proceedings of courts properly exercising criminal jurisdiction are presumed to be regular, and the mere failure of their records to show this, does not overcome the presumption. * * *

" 'In the absence of a showing to the contrary, the law presumes that accused has had a preliminary examination or has waived it, that proceedings leading up to a commitment by a magistrate were regularly conducted, that the magistrate performed the duties imposed on him by law, and that such duties were performed by the magistrate in good faith.' "

There are many other cases holding to the same effect. We call particular attention to the case of Landon v. State, 81 Okla. Cr. 166 P.2d 781, in which it is held:

"The right to have a preliminary examination is for the benefit of the accused and proper proceeding to raise question of failure to have preliminary examination is by a motion to quash or set aside the information before entering a plea to the information.

"Where defendant voluntarily enters a plea to the information and goes to trial, he will be deemed to have waived any right he may have had to question the fact that he did not have a preliminary examination or that the criminal complaint filed before the justice of the peace was unverified or that it was verified by an incompetent witness."

See, also, Ex parte Miller, 82 Okla. Cr. 315, 169 P.2d 574; Sheller v. State, 58 Okla. Cr. 204, 52 P.2d 105.

In Sparks v. State, 71 Okla. Cr. 430, 112 P.2d 434, it is held:

"Where one is charged in the district court by information, and desires to raise the question of not having had a preliminary examination, or question a defect in the transcript of the justice of the peace, this should be done by a plea in abatement, or by motion to quash the information.

"Where a defendant voluntarily enters a plea of guilty, or enters a plea of not guilty, and goes to trial, he will be deemed to have waived any right he may have had to question the fact that he did not have such preliminary examination or that the transcript filed by the justice of the peace in the district court is insufficient."

In Muldrow v. State, 16 Okla. Cr. 549, 185 P. 332, this court said:

"If the defendant upon arraignment pleads to the merits and enters on the trial, he waives the right to a preliminary examination, or, if one was held, any irregularities therein."

In Tucker v. State, 9 Okla. Cr. 587, 132 P. 825, 827, it is stated:

"Whether an examination has or has not been had or has been waived is a question of fact to be raised by defendant. If he claims that this constitutional right has

been denied to him, he can and should do so when he is arraigned upon the information by filing a plea in abatement, or by a motion to quash or set aside the information."

In the light of the above authorities, it is apparent that when petitioner entered his plea of guilty to the information upon his arraignment in the district court, he waived any right he might have had to question the fact that he did not have a preliminary examination.

The writ of habeas corpus is denied.

BAREFOOT J., concurs.  DOYLE, J., not participating.