Ex parte PAUL SCHRACK.

No. A-10832.    Feb. 26, 1947.

(177 P. 2d 675.)

Judd L. Black and Sid White, both of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

BRETT, J.   The petitioner, Paul Schrack, was held by committing magistrate, Otis James, of Oklahoma county, for trial on a charge of burglary in the second degree. Upon said commitment, the county attorney of Oklahoma county caused an information to be filed against the said Paul Schrack, based upon said commitment. Application was made to this court for a writ of habeas corpus, alleging that said commitment was wholly void in that the committing magistrate had no legal and competent evidence before him to establish probable cause for believing the petitioner guilty of the offense of burglary in the second degree or of any offense. This contention was based upon the proposition that the police force of Oklahoma City, acting for and on the behalf of the State of Oklahoma, extorted and compelled said petitioner to give false evidence against himself in the form of a confession. The confession was used in the preliminary examination as a part of the evidence for the committing magistrate's finding of prob-

able cause and upon which he bound petitioner over to the district court.

Upon these contentions, the petitioner predicates the claim that he has been deprived of due process of law and for that reason, the district court of Oklahoma county could acquire no jurisdiction to try said petitioner on said charge of second degree burglary. It is further set forth in the petition that application was made to the district court for habeas corpus, which application was therein denied. To the application, a response was filed, denying the said contentions of the petitioner.

It has long since been established that, where an information has been filed, the office of the writ of habeas corpus is not to determine the guilt or innocence of the prisoner, and the only issue it presents is whether or not the prisoner is restrained of his liberty by due process of law. The due and proper administration of public justice requires that whenever an information is filed in a court of competent jurisdiction, it is its right and duty to proceed to its final determination without interference from any other tribunal, and the writ of habeas corpus cannot be resorted to on the plea that the evidence adduced on the preliminary examination was insufficient to show that a felony had been committed, or probable cause for believing the defendant guilty thereof. The defendant has a right to raise this question in the court where the information is pending, by a plea in abatement, or by a motion to quash, or motion to set aside the information. Ex parte Patman, 1 Okla. Cr. 141, 95 P. 622; Ex parte Burroughs, 10 Okla. Cr. 87, 133 P. 1142; Ex parte Black, 37 Okla. Cr. 83, 256 P. 941; Ex parte Lansdon, 38 Okla. Cr. 59, 258 P. 1065; Ex parte Eason, 45 Okla. Cr. 211, 282 P. 684. Some of the recent cases dealing with this proposition are Ex parte

Presnell, 58 Okla. Cr. 50, 49 P. 2d 232; Sparks v. State, 71 Okla. Cr. 430, 112 P. 2d 434; Ex parte Owen, 82 Okla. Cr. 415, 171 P. 2d 868.

We take the view that in this case, an information having been filed in the district court of Oklahoma county, the defendant has a right to question the sufficiency of the information by following the procedure hereinbefore approved by this court.

It appearing that the petitioner, for the reasons stated, is not entitled to the writ, it will be denied.

BAREFOOT, P. J., and JONES, J., concur.