Application of Maurice ERVIN, for Writ of Habeas Corpus.
No. A–12971.

Court of Criminal Appeals of Oklahoma.
Jan. 7, 1961.

Bob E. Bennett, Ada, for petitioner.

Mac Q. Williamson, Atty. Gen., Pat Holman, County Atty., Pontotoc County, Ada, for respondent.

BRETT, Judge.

This is an original action by habeas corpus brought by Maurice Ervin. He seeks relief from pronouncement of a judgment and sentence against him for the crime of attempted rape. The sentencing proceedings in the trial court have been stayed pending the determination of the issue herein.

The petition alleges that he was charged by complaint in the justice of the peace court of Justice Wilbur P. Lee, in Pontotoc County, Oklahoma, with the crime of assault with intent to commit rape, and was bound over to the district court on such charge, after having waived in person and by counsel a preliminary hearing. Thereafter, it appears that a charge was filed in the district court alleging assault with intent to commit rape. An arraignment was had on the charge as laid. Subsequently counsel for defendant withdrew, and three days later the information was amended to charge "attempt to commit rape". No pleadings, such as motion to quash, plea in abatement, or any other mode of attack was made on such amended information. On October 10, 1960, before calling the jury for the trial of petitioner, both the State and defendant, Maurice Ervin, announced ready for trial. An attack upon the sufficiency of the information was thereby waived. See White v. State, 23 Okl.Cr. 198, 214 P. 202, wherein this Court said:

> "If an accused announces ready for trial, with full knowledge that he has not been accorded some constitutional privilege, in this case the privilege of claiming former jeopardy, the right to claim it will be deemed waived. He cannot later shift his position and reclaim the right."

Citing State v. Frisbee, 8 Okl.Cr. 406, 127 P. 1091.

Before the trial commenced defendant Ervin objected to the introduction of evidence by the State for the reasons:

> "a. That defendant had not been arraigned upon the crime alleged in said information.

> "b. That defendant has not had or waived a preliminary hearing on the crime alleged in the information, and

by virtue of which said Court did not acquire jurisdiction."

■■ It is apparent that the foregoing grounds of attack would have constituted a valid basis in a motion to quash or set aside the information, had the same been timely filed before the plea to the amended information and announcement of ready for trial. It nowhere appears that leave of court was sought to withdraw his plea to the amended information and his announcement of ready for trial. Without such leave, it was to no avail to present the foregoing objection, since its substance was an attack upon the proceedings occurring prior to filing the amended information, and the plea and announcement of ready for trial. Under the foregoing conditions he could not without leave of court shift his position. This was an attempt to breathe life into a procedural corpse. A motion objecting to introduction of evidence goes only to the sufficiency of the information. It does not reach preliminary matters which had already been waived.

In Brashears v. State, 38 Okl.Cr. 175, 259 P. 665, 667, it was said:

"No demurrer was interposed to this information. The claim for insufficiency was first made by an objection to the introduction of testimony. It is the uniform holding of this court that, where a defendant for the first time objects to the sufficiency of the information when the state attempts to introduce its evidence, the objection should be overruled if by any intendment, inference, or presumption the information can be sustained."

Herein no demurrer was filed, but only a motion objecting to the introduction of evidence, as an attack upon the amended information. This was of no force, because the amended information did state a cause of action for "attempt to commit rape", and the trial court having jurisdiction of the person, was authorized under the law to proceed to final judgment barring something occurring to cause it to lose jurisdiction.

Hence, the objection was properly overruled and the case proceeded to trial, and the defendant was convicted. The jury, however, was unable to agree on the penalty, leaving said matter to the trial court's determination. Judgment and sentence day was set by the trial court, and the defendant obtained stays of said proceedings until relief by habeas corpus could be sought herein on grounds of lack of trial court's jurisdiction. To the petition the State made due response, and lengthy argument.

In Ex parte Stevens, 82 Okl.Cr. 232, 168 P.2d 136, it was said:

"The petition further alleged that the criminal complaint filed against him in the justice of the peace court did not allege the commission of any public offense by the defendant and that the original information filed against him in the District Court of Murray County did not allege the commission of any public offense, but that before the date of the trial, the county attorney of Murray County amended the information without notice to the petitioner or his attorneys by inserting sufficient allegations to make the amended information allege the commission of the crime of rape in the first degree. That the petitioner objected to going to trial upon the amended information for the reason that he did not have an examining trial upon a criminal complaint charging him with a violation of any law of the State of Oklahoma. That the trial proceeded over the objection of defendant and resulted in his conviction as above set forth. A demurrer was filed on behalf of the respondent by the Attorney General. The petitioner has six months from the date judgment was pronounced against him in which to appeal to this court from said conviction. 22 O.S.1941 § 1054. He has abundant time within which to perfect an appeal. The matters complained of are properly matters which may be urged on appeal, but are not such questions as may be raised in a habeas.

corpus proceeding. * * * The writ of habeas corpus cannot be substituted for an appeal. Ex parte Thomas, 56 Okl.Cr. 258, 37 P.2d 829; Ex parte Miles, 56 Okl.Cr. 69, 33 P.2d 636; Ex parte Williams, 70 Okl.Cr. 377, 106 P. 2d 524."

■ Moreover, it was said in Ex parte Schrack, 83 Okl.Cr. 400, 177 P.2d 675, 676: "The due and proper administration of public justice requires that whenever an information is filed in a court of competent jurisdiction, it is its right and duty to proceed to its final determination without interference from any other tribunal, and the writ of habeas corpus cannot be resorted to on the plea that the evidence adduced on the preliminary examination was insufficient to show that a felony had been committed, or probable cause for believing the defendant guilty thereof. The defendant has a right to raise this question in the court where the information is pending, by a plea in abatement, or by a motion to quash or motion to set aside the information. Ex parte Patman, 1 Okl.Cr. 141, 95 P. 622; Ex parte Burroughs, 10 Okl.Cr. 87, 133 P. 1142; Ex parte Black, 37 Okl.Cr. 83, 256 P. 941; Ex parte Lansdon, 38 Okl.Cr. 59, 258 P. 1065; Ex parte Eason, 45 Okl.Cr. 211, 282 P. 684. Some of the recent cases dealing with this proposition are, Ex parte Presnell, 58 Okl.Cr. 50, 49 P.2d 232; Sparks v. State, 71 Okl.Cr. 430, 112 P.2d 434; Ex parte Owen, [82] Okl.Cr. [415], 171 P.2d 868.

"We take the view that in this case, an information having been filed in the district court of Oklahoma county, the defendant has a right to question the sufficiency of the information by following the procedure hereinbefore approved by this court."

The foregoing authorities are controlling of the procedure applicable in the trial court. As to this proceeding, it appears that there is no conflict of authority that habeas corpus is not the remedy for situations such as the one herein.

It is said in 39 C.J.S. Habeas Corpus § 53, p. 596:

"Pursuant to a general rule of wide application on which there is no conflict of authorities, it has been held that a court is without jurisdiction where it attempts by habeas corpus to interfere with the exercise by another court of jurisdiction theretofore acquired, whether such jurisdiction is acquired in another habeas corpus proceeding or on appeal, or otherwise, unless the prior jurisdiction has been terminated. More limited judicial statements are that a court should not, and will not, so interfere by habeas corpus, and that, while the pendency of a proceeding, affecting the matter in controversy, in another court which has taken prior jurisdiction does not deprive the court under all circumstances of the power to issue a writ of habeas corpus, the court should, as a matter of comity, refrain, by postponing a hearing on the writ or at least by withholding a decision, from proceeding on the writ until the conclusion of the action, suit, or proceeding which was first begun."

And see Ex parte Spurrier, 111 Okl. 242, 238 P. 956; Amato v. Erskine, 100 Conn. 497, 123 A. 836; State ex rel. Rasco v. Rasco, 139 Fla. 349, 190 So. 510; Horner v. United States, 143 U.S. 570, 578, 12 S. Ct. 522, 36 L.Ed. 266; 29 C.J. p. 133, note 42, 39 C.J.S. Habeas Corpus § 51, p. 595; Commonwealth ex rel. Piper v. Edberg, 346 Pa. 512, 31 A.2d 84, reversing 150 Pa.Super. 378, 28 A.2d 460.

In Ex parte Wallace, 81 Okl.Cr. 176, 162 P.2d 205, 206, this Court said:

"The writ of habeas corpus did not originate, nor was it designed to embarrass or interfere with the courts in the due administration of justice in cases where such courts have the general jurisdiction of the subject matter and of the person of the defendant."

Trial courts would be harassed beyond reason by application for such writs if the foregoing were not the rule. Herein, the trial court, under the allegations of the information, had jurisdiction of the person and general jurisdiction of the subject matter and was thus sufficiently grounded in jurisdiction to proceed. . In Ex parte Wright, 78 Okl.Cr. 157, 145 P.2d 772, 773, the rule is stated:

"The proper practice to raise the question of sufficiency of the information is by demurrer or motion to quash, and by appeal, and not by petition for habeas corpus after conviction and sentence."

And, we might add, or between the time of conviction by the jury and the pronouncement of judgment and sentence.

It has been repeatedly held that irregularities and errors in proceedings where the trial court has jurisdiction of the person and general jurisdiction of the subject matter, as herein, relief must be sought by appeal, and not by habeas corpus.

The writ is, accordingly, denied.

POWELL, P. J., concurs.

NIX, J., not participating.